[Caldwell v. Parmer's Adm'r.]

# Caldwell *v.* Parmer's Adm'r.

### *Statutory Real Action in Nature of Ejectment.*

1. *Conveyance to two partners individually.*—A conveyance of land to two partners individually, unexplained, vests in them an equal undivided interest as tenants in common.

2. *Sale of perfect equity under execution.*—Although the perfect equity in lands arising from the payment of the purchase-money may be sold under execution (Rev. Code, § 2871), the purchaser at the sale acquires only a perfect equity, which will neither support nor defeat an ejectment.

3. *Partnership real estate.*—Real estate, purchased and used for partnership purposes, but held in the names of the partners individually, may be subjected in equity to the payment of partnership debts, but can not be sold under execution at law against the surviving partner as such : the sheriff's deed to the purchaser, at execution sale against such surviving partner, conveys only his undivided interest in the lands.

4. *General exception to entire charge.*—A general exception to an entire charge, consisting of several distinct propositions, can not be sustained, unless each part of the charge is erroneous

5 *Charge requiring explanation.*—A charge requested, which requires explanation to prevent it from misleading the jury, may be refused for that reason.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. P. O. HARPER.

This action was brought by the administrator of the estate of Joseph M. Parmer, deceased, against John C. Caldwell, to recover an undivided moiety of a city lot in Greenville, on which a brick store-house was erected ; and was commenced on the 13th March, 1869. The defendant having died pending the suit, the action was revived against his executors and heirs at law, who are the appellants in this court. The plaintiff deduced title under a deed from Thomas M. Bragg, dated the 8th May, 1858, by which the lot in controversy was conveyed, in consideration of the payment of $500, "to the said J. M. Parmer and Wm. Fleming Parmer, their heirs and assigns ;" and he proved the execution of this deed, the defendant's possession from the 1st December, 1867, and the value of the rents. The defendant held and claimed under a purchase by one S. F. Gafford at a sale made by the United States marshal, on the 4th November, 1867, under executions issued on judgments rendered by the District Court at Montgomery, against said W. F. Parmer, as surviving partner of the late firm of Holloman & Parmer ; the marshal's deed to said Gafford, and a subsequent deed from said Gafford and wife to himself, dated the 14th November, 1867.

" The evidence on the part of the defendants was, that said

J. M. Parmer, W. F. Parmer, and one R. M. Holloman, in 1858, formed a mercantile partnership, and bought goods as such partners, in 1860–61, of several Charleston merchants;" in whose names suits were brought in the United States District Court at Montgomery, on notes executed in the partnership name, and judgments rendered against said W. F. Parmer, as surviving partner of said firm, as above stated. "It was shown that said Holloman died in 1862; that said J. M. Parmer died in 1863, leaving said W. F. Parmer as sole surviving partner; and that said W. F. Parmer died in July, 1867, after the executions on said judgments went into the hands of the marshal, and before the levy thereof was made by the marshal. The testimony tended to show, that the brick house on the lot, which was burned in the latter part of the year 1869, was built in 1859 with partnership funds, and was used and treated as partnership property, and that the house and lot had become the property of said partnership before the death of said Holloman; but the testimony as to this fact was conflicting, and no deed was shown from said J. M. Parmer and W. F. Parmer to the partnership. There was no evidence of any demand of possession before the commencement of the suit; but the evidence showed that said Gafford went into possession under his said purchase and deed, and held the same in good faith, claiming the entire title and property; and that said J. C. Caldwell, from the time of his said purchase, possessed, controlled, and leased the whole property, claiming the entire interest, and not an undivided moiety only." The deed under which the defendants claimed, and certified copies of the judgments and executions, were also offered in evidence by them.

"The court charged the jury, that the said deed from Bragg to J. M. and W. F. Parmer conveyed to them the legal title of the premises sued for, and, unless some deed from them to the partnership of Holloman & Parmer was proved to have existed, the legal title still remained in them, as tenants in common: that whatever title was in said J. M. Parmer, at the time of his death, was unaffected by the proceedings shown by the said records from the United States District Court; and that the plaintiff, as his administrator, would be entitled to recover an undivided half of the lot, with one half of the rents, and interest thereon, to the time of the trial: that the said proceedings in the United States court, and the said sale by the marshal to Gafford, did not prevent the administrator of said J. M. Parmer from recovering the undivided half of said lot, and rents for the years proved, although the jury might be satisfied, from the evidence, that the lot had become the property of the partner-

[Caldwell v. Parmer's Adm'r.]

ship by full payment of the purchase-money: that the sale by the United States marshal, under executions against W. F. Parmer, as surviving partner, only conveyed to the purchaser the interest which said W. F. Parmer held as tenant in common with J. M. Parmer, and no interest which the said partnership may have held in said land.

"To the foregoing charges the defendant excepted, and requested the court, in writing, to charge the jury—

"1. That the plaintiff can not recover, unless he shows both the legal title to the premises, and the right to the possession thereof, at the commencement of the suit: that if the jury find, from the evidence, that the property sold by the United States marshal, under the proceedings shown in the transcript offered in evidence, was the property of the said partnership of Holloman & Parmer, and that said J. M. Parmer was a member of that parnership, then the said sale and marshal's deed, set forth in said transcript, and in evidence before them, conveyed to the purchaser, Gafford, the right and title of the partnership in said property; and if the jury find that the defendants were in the possession of the said premises at the commencement of this suit, claiming them under said deed of Gafford in evidence before them, and that said W. F. Parmer died in July, 1867, whilst the executions on said judgments were in the hands of the United States marshal, then the plaintiff can not recover in this action.

"2. That if the evidence shows that J. M. Parmer was entitled to an undivided half of the lot sued for, as the court charges is shown by the deed from Bragg, yet the written evidence shows that the interest of W. F. Parmer was conveyed to Gafford, and by said Gafford to defendants' testator and ancestor; and if the evidence shows that the defendants were in the possession of the premises at the commencement of the suit, claiming title thereto under the said conveyance to their testator and ancestor,—then the plaintiff can not recover in this action, unless he shows that, before the commencement of this suit, he was actually ousted—excluded from the possession of said premises—by the defendants, or by the person through whom they claim, although the lot may never have become the property of said partnership.

"3. That it is not necessary for the defendant to show, by positive evidence, that the said lot became the property of Holloman & Parmer: that if the facts and circumstances in evidence reasonably convince the jury that the said premises had become the property of said partnership before the death of J. M. Parmer, and that said J. M. Parmer was a member of said partnership at the time said debts were con-

tracted, it does not matter whether there was any deed conveying the premises to said partnership, and the sale under the judgments and executions from the United States court conveyed to said Gafford all the right and title of the said partnership; and that such sale and conveyance by the United States marshal, if said W. F. Parmer was alive when said executions went into the hands of said marshal, gave the right of possession of said premises to Gafford, and Gafford's deed gave the same right of possession to Caldwell, defendants' testator and ancestor; and if the defendants were in possession at the commencement of the suit, claiming to hold under said conveyance and said proceedings in the United States court, then such right of possession in them is sufficient to defeat a recovery by the plaintiff in this action.

"The court refused to give each of these charges, and the defendants excepted to the refusal," and they now assign as error the charge given by the court, and the refusal of the several charges asked.

WATTS & WATTS, with HERBERT & BUELL, for appellants.— The statute declares, that a "perfect equity" in lands may be sold under execution; that is, such an equity as a purchaser has who has paid all of the purchase-money.—Rev. Code, § 2871. The charge of the court, in effect, denied this, and denied the right of an execution creditor to sell partnership property under process against the surviving partner. Lands owned by a partnership are treated, in equity, as personal property; but they are liable to the payment of partnership debts at law, as well as in equity.— *Owens v. Collins & Langworthy*, 23 Ala. 837; *Andrews v. Brown*, 21 Ala. 437. A surviving partner may sell the lands of the partnership at private sale, and his conveyance transfers all the equity.—*Andrews v. Brown*, 21 Ala. 437; *Murphy v. Abrams*, at the last term. If these propositions be correct, the first charge asked ought to have been given. That the death of the surviving partner before the levy could not prevent the sale, see Rev. Code, § 2875.

The second charge asked asserted the proposition, that one tenant in common can not sue his co-tenant unless there has been an actual ouster, as decided in the following cases: *Bishop v. Blair*, 36 Ala. 85; *Jones v. Perkins*, 1 Stew. 512; *Foster v. Foster*, 2 Stew. 536; *Johnson v. Toulmin*, 18 Ala. 50. To entitle the plaintiff to recover, he must show a legal title, and a right to the immediate possession.— *Williams v. Hartshorn*, 30 Ala. 211. The plaintiff, on the facts stated in the third charge, did not have the legal title, and did not have

a right to the immediate possession. The statutory rights which an administrator has in and to his intestate's lands, for the payment of debts, are not superior to the rights which a surviving partner has in and to lands belonging to the partnership.

ELMORE & GUNTER, with whom were GAMBLE & BOLLING, *contra.*—The deed of Bragg conveyed the legal title to the lands to J. M. and W. F. Parmer, as tenants in common; and no conveyance from them was shown. If the partnership bought the land from them, and made full payment of the purchase-money, it acquired only an equitable title, which might be subjected in equity to the payment of its debts, but not in a court of law. This distinction is recognized in all the cases.—*Lang's Heirs v. Waring,* 17 Ala. 145; *Andrews v. Brown,* 21 Ala. 437. True, the statute (Rev. Code, § 2871) authorizes a perfect equity to be sold under execution at law; but the purchaser at such sale acquires only that perfect equity, and not any legal title whatever. In actions at law for real estate, the legal title only is regarded, and equities can not be noticed.—*Elmore v. Harris,* 13 Ala. 360; *Mitchell v. Robertson,* 15 Ala. 412; *McPherson v. Walters,* 16 Ala. 714; *Sellers v. Hayes,* 17 Ala. 749; *Williams v. Hartshorn,* 30 Ala. 211; *You v. Flinn,* 34 Ala. 409. The right of an administrator to maintain ejectment is recognized by repeated decisions of this court, and expressly given by statute. That an actual ouster is not necessary, when equivalent acts are shown, as between tenants in common, see 2 Stew. 358; 30 Conn. 492; 4 Paige, 178. The charges asked required explanation, and were rightly refused on that account.—37 Ala. 317; 35 Ala. 96; 32 Ala. 569; 29 Ala. 200.

STONE, J.—The common source of title of both contending parties to this suit is the deed of bargain and sale made by Bragg to J. M. Parmer and W. Fleming Parmer, bearing date May 8, 1858. This deed, unexplained, vested in them an equal, undivided interest, as tenants in common.—See *Lang v. Waring,* 17 Ala. 145; *Andrews v. Brown,* 21 Ala. 437; *Ware v. Owens,* 42 Ala. 212. The record fails to inform us that any title ever passed out of either of these grantees, by any conveyance made by them.

2. It is contended for appellants, that the proof tends to show that an equitable title, called a perfect equity, vested in the partnership of Holloman & Parmer; and that when the lot was sold and conveyed by the United States marshal, in satisfaction of a debt of the firm of Holloman & Parmer, it conveyed the entire equitable title to the purchaser, Gaf-

ford; and inasmuch as Caldwell, the appellants' ancestor, had purchased, and received from Gafford a conveyance of the lot, before suit brought, this perfect equity is a complete defense to the present action. Section 2871 of the Revised Code is relied on in support of this view. This argument is unsound. If the judgment and execution, under which the marshal sold, had been against each member of the partnership, this would only have placed the purchaser in the predicament of Holloman & Parmer. He would have had a perfect equity; nothing more. Courts of law can not regard equitable titles. Such titles will neither support nor defeat an action of ejectment.—*Elmore v. Harris,* 13 Ala. 360; *Mitchell v. Robertson,* 15 Ala. 412; *Nickles v. Haskins,* 15 Ala. 619; *McPherson v. Walters,* 16 Ala. 714; *Sellers v. Hayes,* 17 Ala. 749; *Williams v. Hartshorn,* 30 Ala. 211; *You v. Flinn,* 34 Ala. 409.

3. But appellants' position is not as strong as this. The judgment and execution, under which they claim, was against Wm. F. Parmer only, surviving partner of a firm composed of three. While the law vests the title of partnership personal property in the survivor, it has not that effect on partnership real property, the title to which exists in the title papers. Real estate, held in the names of partners, although purchased and used for partnership purposes, can not be administered as partnership effects in courts of law. In these courts, the several partners are treated as tenants in common of the lands held by them.—*Lang v. Waring,* 17 Ala. 145; *Andrews v. Brown,* 21 Ala. 437; *Lang v. Waring,* 25 Ala. 625. Lands thus held, however, may be subjected in equity to the payment of partnership debts.—2 Brick. Dig. 303, §§ 55, 56, 57, 61. The purchase made by Mr. Gafford gave him no right, either at law or in equity, to any interest in the land, other than that held and owned by Wm. F. Parmer —See *Lang v. Waring,* 17 Ala. 145.

4. We have said this much to show that, in the trial below, justice was fully administered according to law. The exception reserved to the charges given, was general, to the entire mass, without specifying any particular part. This, under a uniform rule of this court, is no ground for reversal, unless the entire charge, in all its parts, misstates the law.—*Johnson v. McGehee,* 1 Ala. 186; *McGehee v. The State,* 52 Ala. 224. Much, if not all of the charge, is in strict conformity to the rules of law above laid down as governing this case.

5. Three charges were asked by defendant, and refused by the court. The exception to this ruling scarcely comes up to the rule. But, the charges were all rightly refused. The first and third are diametrically opposed to the principles of

[Louisville & Nashville Railroad Company v. Brown.]

law above declared. The second was calculated to mislead, and, in the absence of explanation, would probably have misled the jury as to what constitutes an *ouster*. This justified the refusal.—1 Brick. Dig. 339, §§ 59, 60, 61.

The judgment of the Circuit Court is affirmed.