# Brewer *v.* Browne.

*Bill in Equity for Partition of Lands.*

1. *Partnership; presumed equality of partners.*—In the absence of averment and proof to the contrary, as to the terms of the partnership, the several partners are presumed to be equal.

2. *Purchaser from partner; when chargeable with notice of partnership.* When lands are bought by a partnership, and conveyed to it by name, a purchaser from one of the individual partners is chargeable with notice of the state of the title, and of the rights of the other partners.

3. *Lands bought with partnership funds, and conveyed to partnership by name.*—The English rule seems to be, that when lands are bought with partnership funds, and for partnership purposes, and the title taken in the name of the partnership, a court of equity will treat them as personalty for all purposes; but the better considered American decisions hold, that such lands are to be treated as personalty until the purposes of the partnership are accomplished, and then as realty with the attributes of a tenancy in common.

4. *Same.*—When lands are bought with partnership funds, and the title taken in the name of the partnership, a court of equity will convert them into personalty, and utilize them as such, even to their consumption, in the payment of the partnership debts and liabilities, and in the adjustment and settlement of the accounts of the partners *inter sese;* but, when these ends have been accomplished, whatever is left remains realty, and is held by the partners (or their heirs) as tenants in common.

5. *Settlement of partnership accounts; when barred.*—When a partnership has been dissolved, and neither partner has taken any steps to bring about a settlement for more than six years after the last known partnership transaction, the right to have an account and settlement of the partnership dealings is barred.

6. *Presumption as to payment of partnership debts.*—When a bill is filed for the partition of lands between the heirs of deceased partners,

[Brewer v. Browne.]

more than ten years after the death of both partners, and there is no proof of any partnership dealings for several years before their deaths, nor of any outstanding debts, the court will presume that all the debts "are paid, abandoned, or barred."

7. *Possession between tenants in common.*—The possession of land by one tenant in common is, in law, the possession of both; and it does not become adverse, until he ousts his co-tenant, or successfully refuses to let him occupy.

8. *Widow's right of dower in partnership lands; parties to bill for partition.*—The widow is dowable of an undivided share of lands belonging to a dissolved partnership,·of which her husband was a member, after the partnership debts have been paid, and the partnership accounts settled; and having this right, she may join with his heirs in a bill for partition of the lands.

9. *Objections to evidence; when available on error.*—This court will not consider objections to evidence, to which the attention of the chancellor does not appear to have been called.

10. *What errors are available.*—A party connot complain of errors which are not prejudicial to him, though they may be injurious to another.

WEBB & TUTWILER, for appellant.

COLEMAN & SEAY, *contra.*

APPEAL from the Chancery Court of Hale.

Heard before the Hon. CHARLES TURNER.

STONE, J.—J. Tanner Browne and Theron Browne were brothers, and partners and dealers in general merchandise. Their partnership dated from 1850, or before that time, and terminated about the close of the war. There is an admission of counsel that it was dissolved in 1861. There is neither averment nor proof that the interests of the respective partners were unequal. We must, therefore, presume they were equal partners. During the continuance of the partnership, several parcels of real estate were purchased, paid for with partnership effects, and the titles taken in their partnership name—at one time J. T. Browne & Co., and later, T. Browne & Co. There is neither averment nor proof that there was ever any settlement of the partnership accounts between the partners, but the averment is that none ever was made. The heirs of each partner, parties to this suit, claim that on a just settlement, if one could be had, the other partner would be found indebted to their ancestor. There is no proof as to how the account between them would stand, and, for reasons hereafter stated, it will be seen that, at no time since the death of the respective partners (which took place before this bill was filed), could a settlement be made. As we have said, the titles to the lands purchased were taken in the partnership name that was being used when the seve-

ral purchases were made. It is neither averred nor attempted to be proved that the lands were bought to be used in their partnership business. From the character of the real estate purchased, and from the silence of the record as to the purpose of the purchase, we think the presumption is that they were made as an investment, or as a means of collecting their dues.

In August, 1874, J. T. Browne died, and in October next succeeding, Theron Browne died, each intestate. Each left heirs, and J. T. Browne left a surviving widow, Sarah F. Browne. In 1870, Theron Browne, by mortgage or trust deed, with power of sale, conveyed some of the lands so purchased to a trustee, to secure a debt he individually owed to Leroy Brewer & Co.; and on the 19th June, 1875, the trustee sold the lands under the power. Leroy Brewer & Co. became the purchasers, and received a deed from the trustee. The present bill was filed 29th September, 1875, by the widow and heirs of J. Tanner Browne, against the heirs of Theron Browne, and Leroy Brewer & Co. The purpose of the bill is to obtain partition of the lands. The bill avers, substantially, the facts above set forth; avers that there had been no partnership dealings, for more than six years before either of the partners died; that no settlement could now be had, because Theron Browne had last had charge of the books, and they were lost or destroyed; that no settlement could now be had, because a bill for the purpose would be defeated by the statute of limitations of six years; that all the partnership debts had been paid, and that nothing remained now but to make partition of the lands between the heirs of the respective parties, as tenants in common.

It is not contended that Leroy Brewer & Co. are to be favored as *bona fide* purchasers without notice, or that they occupy any better position than the heirs of Theron Browne would, if they were sole defendants. The chain of title under which Theron Brown claimed, showing that the title was made to a partnership, of which he was a member, any person purchasing from him will be charged with a knowledge of all that an investigation of his chain of title would have led to.—*Dudley v. Witter*, 46 Ala. 664. Leroy Brewer & Co. must, therefore, be charged with knowledge that Theron Browne was not the entire owner of the lands, but that they belonged to the partnership.

The questions, to what extent lands purchased with partnership moneys, or partnership effects, become themselves partnership effects, and whether they are to be treated as personalty or realty, have been very much discussed, and the rulings upon them have not been uniform. We deem it un-

[Brewer v. Browne.]

necessary to announce what would be the rule, where lands were purchased with the funds of the partnership, for the uses of the partnership, and were so used. A majority of the American courts have not followed the English rule, which seems to be, that lands thus circumstanced are, in equity, treated as personalty, for all purposes, even to the succession or devolution of the property. The better considered American decisions hold, that lands thus held are treated as personalty until the purposes of the partnership are accomplished, and that then they become realty, with the attributes of a tenancy in common. The case before us, as we have shown, is not of this class. Here, it is not claimed that the lands were bought or used for partnership purposes. Being bought with partnership money, they can, in equity, be converted into personalty, and utilized as such, even to their consumption, first, in the payment of the partnership debts and liabilities, and, second, in the adjustment and settlement of the accounts of the partners *inter sese*. These ends accomplished, whatever is left remains realty, owned and held by the partners as tenants in common of real estate. *Lang v. Waring*, 17 Ala. 145; *Andrews v. Brown*, 21 Ala. 437; *Lang v. Waring*, 25 Ala. 625; *Ware v. Owens*, 42 Ala. 212; *Caldwell v. Parmer*, 56 Ala. 405; Parsons on Partnership, 373; Story on Part. § 92, and note 2. In the case of the *Bank of Louisville v. Hall*, 8 Bush, 672, the court referred to a former case, in which they had held the English rule as to realty bought and used for the purposes of the partnership. They added, that because "the lots in contest were not used for partnership purposes, and as a means of continuing, facilitating and enlarging the business, or even for any one of these objects, [they were] consequently not within the rule prescribed in the case referred to, and [were] not impressed with the characteristics of personal property." We hold that, for the purposes of this suit, the lands in controversy must be treated as real estate.

It is contended for appellants, first, that the present bill should not be entertained, because it does not pray a settlement of the partnership accounts. We think the bill states and shows a sufficient excuse for omitting this prayer. It is shown the partnership was dissolved ten years before the death of either of the partners, and eleven years before this bill was filed. No partnership dealings after the dissolution are either averred or shown, except a payment of some partnership debts with partnership effects, which was more than six years before the death of either partner. In addition, the loss or destruction of the partnership books is shown; both partners are dead, and a settlement had become impos-

[Brewer v. Browne.]

sible when this bill was filed. When neither partner had taken any steps to bring about a settlement for more than six years after the last known partnership transaction, we hold that the right to claim and have an account and settlement of the partnership dealings is barred.—*Bradford v. Spyker*, 32 Ala. 134.

It is contended for appellants, in the second place, that although the bill avers that all the debts of the partnership have been paid, this averment of the bill is not proved. The widow of J. T. Browne testifies that, about the close of the war, all the partnership debts were settled except two or three hundred dollars. This bill was filed eleven years after dissolution. It is now seventeen years. We are not informed of any claims by creditors, and we feel justified in presuming all the debts are paid, abandoned, or barred.

We come then to the conclusion, that all inquiry into the partnership dealings is precluded, that all claim or right to have the lands treated as partnership effects, and applied to partnership wants is barred, and that there is no longer any occasion or right, by bill or otherwise, to alter or disturb their *status* as real estate. The lands, then, in this proceeding, must be treated as real estate, owned by the contending parties as tenants in common.

Possession by one tenant in common, is the possession of both, and does not become adverse, unless he oust the cotenant, or refuse successfully to let him occupy.—*Newbold v. Smart*, at present term. There is nothing in the facts of this case to bar the right of appellees to have partition, for there is nothing to show that Theron Browne ever held adversely to J. T. Browne.

The purpose of the present bill is to obtain partition. Mrs. Sarah. F. Browne, widow of J. T. Browne, is directly interested in this question,· because she is dowable of the part which shall be allotted to the heirs of her deceased husband. In *Coles v. Coles*, 15 John. 319 (a proceeding for partition), the court said : "But, suppose the husband seized as tenant. in common, the right of dower is correspondent ; it can be in an· undivided share only, and a partition must be made before the dower can be assigned. May not the widow, having no interest but that of dower, be a necessary party in partition, when the object is merely to sever the tenancy in common, in order to have her dower afterwards assigned? I incline to think she may, and ought to be a party to the partition in the latter case."—Freeman on Co-tenancy , §§ 472, 118. Mrs. Browne was directly interested in the question of partition, and on the same side with her children, the heirs of J. Tanner Browne. The rule is admitted, that all com-

[Brewer v. Browne.]

plainants must be entitled to relief, or none can obtain it. 1 Brick, Dig. 759, §§ 1634 *et seq.* It is not necessary, however, that the relief shall be co-extensive, if it be common, and extend to the main purpose of the bill.—*Harbin v. Pope,* 10 Ala. 493; *Wall v. Fairley,* 73 N. C. 464.

It is objected for appellants, that the Chancery Court improperly admitted the proof tending to show the Daniel lot was part of the lands purchased by the partnership, and held in common. The testimony offered consisted of a deed bearing the name of Anders, sheriff, and the parol proof of the witness Frierson that T. Browne & Co. bought that lot at sheriff's sale. If this testimony had been properly objected to in the court below, and the objection had been overruled, it would probably work a reversal of this cause. But the objection relied on is insufficient. It consists of objections taken to the interrogatory before crossing it, and a memorandum by the register, on the note of the testimony, and at the foot of complainants' offering, " subject to exceptions," and " all of said deeds subject to exceptions." No written specifications or exceptions were filed, and it does not appear that the chancellor's attention was ever called to the question. We cannot consider this assignment.—1 Brick. Dig. 776, § 31.

It is contended further for appellants that, under Gewin's testimony, J. T. Browne's heirs should have been charged with $1,000, received by him for 200 acres of land sold by him. The witness gives no date of this transaction. For aught that appears, this sale may have been made before the partnership was dissolved, and may have been settled by the parties between themselves. At all events, it is not shown to have occured within six years, and therefore is not entitled to any consideration at our hands.

If the chancellor improperly ordered dower to be allotted to the widow out of lands which should fall to the complainants in partition, that is a question which can not affect appellants, and they will not be heard to assign it as error.—*Magruder v. Campbell,* 40 Ala. 611; *Walker v. Jones,* 23 Ala. 448.

Affirmed.