[Espy v. Comer.]

# Espy v. Comer.

*Bill in Equity by Creditor, to have Mortgage declared General Assignment.*

1. *Dissolution of partnership by death; rights of surviving partners.* When a partnership is dissolved by the death of one of the members, the surviving partners can not, by any act or acknowledgment, revive any debt of the firm, or continue it in force, so as to bind the estate or effects of the deceased, if the debt is otherwise barred as to him; but the discharge of the estate of the deceased neither affects the liability of the survivors, nor changes the character of the debt as a partnership liability.

2. *Real property belonging to partnership.*—When lands are purchased with partnership funds, and used for partnership purposes, or are taken in payment as a means of collecting partnership debts, a court of equity will treat them as personally for all partnership purposes—that is, for the payment of partnership debts, and the adjustment of the rights and liabilities of the several partners among themselves; but the legal title vests in the several partners as tenants in common, and all must join in a conveyance in order to pass that title; and any *residuum* that may be left, after payment of the partnership debts and the adjustment of the rights of the partners *inter sese*, retains all the attributes of realty.

3. *Staleness, and statute of limitations; how pleaded.*—Staleness proper, or great lapse of time unexplained, apparent on the face of the bill, is a good ground for dismissing it on motion for want of equity; but the statute of limitations as a defense, especially when available to some of the defendants only, must be pleaded, or taken by demurrer when the facts appear in the bill.

4. *Averments of bill; facts stated in past or present time.*—In a bill which seeks to have a mortgage, executed three years previously, declared a general assignment, an averment that the property conveyed *"is* substantially all of the property"* owned by the mortgagor, is not equivalent to an averment that it *was* all of the property owned by him at the time the mortgage was executed.

5. *Amendable defects in bill.*—When a bill is dismissed on motion for want of equity, and leave to amend is not asked, an amendable defect in the bill is sufficient to sustain the decree on error, although the dismissal does not appear to have been based upon it.

6. *Premature commencement of suit against administrator.*—A suit against an administrator can not properly be commenced within six months after the grant of letters to him (Code, § 2614); and if prematurely instituted, and then abated as to him on plea, though he is a necessary party, the suit can not be maintained against the other defendants.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JNO. A. FOSTER.

The bill in this case was filed on the 19th January, 1884, by John S. Espy, as a creditor of the late firm of Clark, Hart & Co., on behalf of himself and all other creditors of said firm

who might come in and make themselves parties; against Hugh M. Comer, John W. Drewry, and the personal representatives, widow and children of the two deceased partners, Whitfield Clark and Henry C. Hart; and sought to have a mortgage, which was executed to said H. M. Comer by said Hart, after Clark's death, declared a general assignment, enuring under the statute (Code, § 2126) to the benefit of all the creditors of said partnership equally.

The firm of Clark, Hart & Co., according to the allegations of the bill, was formed during the year 1863, and carried on the business of warehouse-men and commission-merchants in the city of Eufaula; the partners being said Clark and Hart, with Thomas J. Cannon and W. D. Etheridge, and the capital stock consisting of the warehouse property in which their business was to be carried on, of which Hart owned two-fifths, and each of the other partners one-fifth. In 1866, Cannon sold out his interest to Hart, and retired from the partnership, and Etheridge sold out his interest to said H. M. Comer, who, in April, 1874, sold and transferred his interest to said Drewry. By agreement among the partners, the business of the partnership was transacted exclusively by said Hart, and this was continued during the successive changes in the firm. The warehouse property was held and used as partnership property, and the debts and. liabilities of the partnership, during its changes, were contracted on the faith and credit of that property. The complainant commenced to do business with the firm in 1865, storing his cotton with them, and depositing the proceeds of sale, until, at the death of said Clark in 1875, they owed him over fourteen thousand dollars; and for this debt, which, with interest up to 21st May, 1878, amounted to $14,320.38, Hart executed to him on that day, in the name of the firm, a receipt acknowledging the deposit of the money, and stating that it was payable in six months. This receipt, or obligation, was made an exhibit to the bill; and it was alleged that, in signing it, "said Hart acted as the surviving partner of said firm, and as the agent of said Drewry, thereby binding himself, said Drewry, and all the partnership property belonging to said firm, said paper being given for a debt which was due by said firm."

The mortgage executed by said Hart to Comer, a copy of which was made an exhibit to the bill, was dated the 22d February, 1881, and purported to be given to secure the payment of three notes executed to said Comer by Hart, aggregating $19,537.38; and it was recited that these notes were given in payment of an antecedent indebtedness of Clark, Hart & Co. to said Comer. The mortgage conveyed, with other property, the entire warehouse property, and recited that said Hart

[Espy v. Comer.]

owned "a four-fifths legal interest thereto, and a one-fifth equitable interest;" and the bill alleged that said warehouse property "is substantially all of the partnership property of Clark, Hart & Co." Hart died in June, 1883, and letters of administration on his estate were granted, on the 13th August, 1883, to G. L. Comer. The bill alleged that the firm of Clark, Hart & Co. was insolvent, that Drewry was insolvent, and that the estates of both Clark and Hart were insolvent. It was alleged, also, that Comer sold the property under the mortgage, on the 15th November, 1883, and became the purchaser at his own sale; and that Drewry afterwards conveyed to him, by quit-claim deed, all his interest in the property.

On these facts as alleged, the bill prayed that the mortgage be declared a general assignment; that the sale and purchase by Comer, and Drewry's deed to him, might be set aside, and declared inoperative and void; that a receiver of the property be appointed, and be authorized to sell it under the order of the court; that the proceeds of sale be applied to the payment of the debts due to complainant and other creditors of Clark, Hart & Co., whose debts might be proved before the register; and for other and further relief, under the general prayer.

Comer, as administrator, filed a plea in abatement, alleging the premature institution of the suit as against him; and his plea being sustained, the bill was amended by striking out his name as a defendant. The other defendants submitted a motion to dismiss the bill for want of equity; which motion the chancellor sustained, but dismissed the bill without prejudice. The decree dismissing the bill is now assigned as error.

PUGH & MERRILL, for appellant, cited Story on Partnership, § 367; Gow on Partnership, 282; *Ide v. Ingraham*, 5 Gray, 106; Parsons on Notes & Bills, 145–6; *Gay v. Johnson*, 32 N. H. 367; *Causler v. Wharton*, 62 Ala. 358; *Danner & Co. v. Brewer & Co.*, 69 Ala. 191; *Marshall v. Marshall*, 42 Ala. 149; *Donald & Co. v. Hewitt*, 33 Ala. 534; *Egbert v. Wood*, 3 Paige, 537; *Mooring v. Insurance Co.*, 27 Ala. 254.

McKLEROY & COMER, contra, cited *Wilson v. Torbert*, 3 Stew. 296; *Edgar v. Cook*, 4 Ala. 588; *Fontaine v. Lee*, 10 Ala. 755; *Lang's Heirs v. Waring*, 17 Ala. 145; *Cunningham v. Bragg*, 37 Ala. 436; *Myatts & Moore v. Bell*, 41 Ala. 222; *Bell v. Morrison*, 1 Peters, 351; *Hockley v. Patrick*, 3 Johns. 536; *Andrews v. Brown*, 21 Ala. 437.

STONE, C. J.—Partnerships are dissolved by the death of one of the members, unless there is a provision for its longer continuance, either in the agreement of partnership, or by

some testamentary direction in the will of the deceased member.—Story on Part. §§ 317, *et seq.;* Parsons on Part. 438. After dissolution by the death of one of the partners, the survivors can not revive any debt of the firm, nor continue it in force, by any act of theirs, so as to bind the estate or effects of the deceased partner, if the debt be otherwise barred as to him.— *Wilson v. Torbert,* 3 Stew. 296; *Myatt v. Bell,* 41 Ala. 222; *Fontaine v. Lee,* 6 Ala. 889; *Lang v. Waring,* 17 Ala. 145; s. c., 25 Ala. 625; *Cunningham v. Bragg,* 37 Ala. 436. It follows, that the acknowledgment of complainant's claim, made in 1878, by Hart, in the name of the firm of Clark, Hart & Co., did not bind the estate of Clark, who died in 1875,—much more than six years before this suit was brought.

The acknowledgment, however, bound Hart, for this suit was instituted much less than six years after it was given. It would seem, also, that according to the averments of the bill, it bound Drewry as well. He was the other surviving partner, and the bill avers Hart had authority to bind him, and did bind him by signing the partnership name. So, taking the averments of the bill as true, both Hart and Drewry had acknowledged the existence and amount of the debt to Espy. The demand asserted in the bill was not, therefore, barred as against the survivors, by any thing apparent on the face of the bill.

If Clark's estate was discharged from liability, under the six years statute of limitations, that was a matter of personal discharge, which could be invoked alone in behalf of that estate, and could have no effect whatever on the liability of Hart; nor of Drewry, if Hart was authorized to acknowledge for him. Such defense is personal, and neither discharges other parties, nor changes the character of the debt. It still remained a partnership liability, so far as Hart was concerned, and, possibly, so far as the rights of Drewry were affected. Only Clark was relieved from liability.

How far Clark's effects are relieved by such personal discharge, is a question not raised by this record. It would seem clear, that his individual property is exonorated. We need not now decide as to any interest he may have in the partnership effects. If the recitals in the mortgage are correct, it would seem that Clark's estate had no interest in the warehouse property. Hart, in the firm name, assumed to convey, and did convey, four-fifths of the property; Drewry owned one-fifth, and this leaves nothing for Clark's estate. If Hart had purchased Clark's fifth interest, by any proceedings after Clark's death, it may be that he only did and could buy subject to the partnership liabilities resting upon it, as part of the partnership assets. Or, even if Clark's estate still own an interest in

[Espy v. Comer.]

the realty, it is not clear that that interest can not be utilized in paying the partnership liabilities, still resting on other members of the firm, even though Clark and his individual property may be discharged therefrom.—*Hutchinson v. Smith*, 7 Paige, 26 ; *French v. Lovejoy*, 12 N. H. 461 ; *Gay v. Johnson*, 32 N. H. 167; *Ide v. Ingraham*, 5 Gray, 106.

When lands are purchased with partnership funds, and used for partnership purposes—or when, as a means of collection, lands are taken in payment—such lands acquire many of the incidents of personal property, so far as an adjustment and settlement of the partnership accounts are concerned. This principle applies fully to the claims of creditors of the partnership, and to the adjustment and equalization of the benefits and burdens between the partners themselves. In other words, creditors, when necessary for the collection of their demands, may have the character of personalty stamped on real estate thus held. So, when necessary for an equal settlement between partners, may the same relief be obtained. And when lands are thus applied, they lose all the attributes of realty, such as liability for dower claim, &c. But this is purely an equitable doctrine, and the legal title, with all the characteristics of realty, attach to it, until it is so applied to partnership wants. If the title be in the firm name, it can not be conveyed away by any number of the members less than the whole. At law, a title thus made vests in all the members of the firm as tenants in common, and all must join to transfer the legal title.—*Lang v. Waring*, 25 Ala. 625 ; s. c., 17 Ala. 145 ; *Davis v. Christian*, 15 Grat. 11 ; *Dillon v. Brown*, 11 Gray, 179 ; *Carlisle v. Mulhern*, 19 Mo. 56 ; *Duhring v. Duhring*, 20 Mo. 174 ; *Sumner v. Hampson*, 8 Ohio, 328 ; *Richardson v. Wyatt*, 2 Dess. 471.

As a corollary of the above, the American doctrine is, that real estate, thus converted into personalty for partnership wants, only becomes personalty *pro tanto*. If there be a *residuum* after satisfying partnership liabilities, and equalizing the interests, that *residuum* is not personalty, but retains all the attributes of realty.—*Lang v. Waring*, 25 Ala. 625 ; Pars. on Part. 371–2 ; Story on Part. §§ 93, *et seq*; 5 Wait's Ac. & Def. 121.

The present case was submitted in the court below simply on a motion to dismiss for want of equity, without answer, demurrer, or plea. The motion was sustained, and the bill dismissed, but without prejudice. We are not informed on what ground the motion was sustained. The main argument made in this court in support of the decree is, that the claim was barred by the statute of limitations of six years. We will not gainsay that staleness proper—great lapse of time unexplained—

may furnish a ground for dismissing a bill. It requires diligence, as well as good faith, to put the machinery of a chancery court in motion. But when, as in this case, the defense rests upon the statute of limitations alone—especially when that defense is available to only a part of the defendants—it should be presented by plea, or by demurrer if the averments of the bill present the requisite facts.—*Thonpson v. Parker*, 68 Ala. 387.

The present bill is defective. It was filed in January, 1884. The mortgage it seeks to have declared a general assignment was executed about three years before. The averment of the bill is, that the warehouse property it seeks to condemn " *is* substantially all of the partnership property of Clark, Hart & Co." This refers to the time the bill was filed. To come within the rule, the averment should have been that it was substantially all the property of the partnership at the time the mortgage was executed.—*Donald v. Hewitt*, 33 Ala. 534; *Danner v. Brewer*, 69 Ala. 191. There was no motion in the court below for leave to amend, and standing as it does, this defect is fatal. It presents the familiar case of a correct judgment, possibly for a faulty reason.

Another defect in the bill could not have been amended. The personal representative of Hart was a necessary party.—1 Brick. Dig. 755, § 1727. This suit was instituted prematurely—too short a time after administration on his estate was granted, to authorize a suit against the administrator. The suit was abated as to him, on his plea, and any attempt that might be hereafter made to make him a party would fail on the same ground. This is fatal to the present bill.

The decree of the chancellor, dismissing the bill without prejudice, must be affirmed.