# Roulston *v.* Washington.

*Application for Sale of Decedent's Lands, for Equitable Division among Heirs.*

1. *Sale of decedent's lands, for equitable division; jurisdiction of court, when lands were owned by partnership.*—Under its statutory jurisdiction to order a sale of a decedent's lands, when the same can not be equitably divided among the heirs or devisees (Code, § 2449), the Probate Court has no power to order the sale of a deceased partner's interest in partnership lands, before the partnership debts have been paid, and the accounts between the partners settled and adjusted; and the fact that the surviving partner makes the application, as administrator of the estate of the deceased partner, does not affect the principle.

APPEAL from the Probate Court of Jackson.

Heard before the Hon. JOHN B. TALLY.

In the matter of the petition of James F. Washington, as administrator of the estate of William Washington, deceased, for an order to sell the decedent's interest in certain lands, on the ground that the same could "not be equitably divided among the heirs without a sale." The petition alleged that the lands belonged to the partnership of W. & J. F. Washington, which was composed of said decedent and said administrator, and which was dissolved by the death of said William Washington ; and that the decedent owned an undivided one-half in the lands. James B. Roulston and his wife, she being one of the children and heirs of the decedent, contested the application, and filed an answer to the petition, alleging that the partnership accounts of W. & J. F. Washington had never been settled, and denying the jurisdiction of the court to order a sale as prayed. The court granted the order of sale as prayed, and

34

this decree, to which the contestants duly excepted, is now assigned as error.

W. L. MARTIN, with R. C. BRICKELL, for the appellants, cited *Guilford v. Madden*, 48 Ala. 290; *Buchan v. Sumner*, 47 Amer. Dec. 305; *Brewer v. Brown*, 68 Ala. 210; *Baird v. Baird*, 31 Amer. Dec. 395.

J. E. BROWN, *contra*.

CLOPTON, J.—The statutes confer jurisdiction on the Probate Court to order a sale of the lands of an estate, when the same can not be equitably divided amongst the heirs or devisees, whether the estate be legal or equitable, and whether held in severalty or in common with others. When held in common, the sale and conveyance constitute the purchaser a tenant in common with the other tenants.—*Fielder v. Childs*, 73 Ala. 567. The jurisdiction of the court attaches on the filing of a proper petition. It does not attach, if the application fails to show that the decedent owned, at the time, either a legal or equitable estate in the lands, which, in its nature, is descendible to his heirs.—*Pettit v. Pettit*, 32 Ala. 288.

The application is for an order to sell an undivided half interest in the lands described, which, as appears from the petition, were conveyed to a partnership, of which the deceased was a member. The administrator is the surviving partner; and the evidence shows that the lands were paid for with partnership funds, except one thousand dollars, which were paid by the deceased partner individually. When a partnership is dissolved by the death of one of the partners, the legal title to the personal effects vests in the survivor, on whom devolve the right and the duty to settle the partnership affairs. As to the real estate purchased with the partnership funds, or taken in payment of a partnership debt, the legal title vested in the deceased partner descends to his heirs; but, as respects a settlement of the partnership debts and accounts, it possesses many of the incidents of personal property, and will be treated as such in equity, so far as it may be applied to such purpose. The surviving partner has an equitable interest in the real estate, which he may make available for the payment of the partnership debts, and to equalize the accounts between himself and the deceased partner. He has the right to dispose of the real estate, for the purposes of a settlement of the partnership, and his deed will convey an equity to the purchaser, who may call on the heir, and compel him to convey the legal title. When the partnership debts have been paid, and a settlement *inter sese* had, the lands remaining are treated as real estate, and the

[Roulston v. Washington.]

partners as tenants in common.—*Espy v. Comer*, 76 Ala. 501; *Andrews v. Brown*, 21 Ala. 437; *Lang v. Waring*, 17 Ala. 145.

The design of the statute is to convert the land into money, either for the payment of debts, or for more equal distribution among the heirs. The estate or interest which the Probate Court has jurisdiction to order sold, under the comprehensive term, *"lands of an estate,"* is an individual and separable estate or interest, whether legal or equitable, and though held in common with others, and the value of which is capable of ascertainment with reasonable certainty. On the rule, that the value of the estate or interest, though equitable, is as capable of ascertainment as if legal, is founded the jurisdiction of the court to order the sale of the equity of redemption of a deceased mortgagor, and the inchoate equity of a vendee, who has not paid the purchase-money, nor acquired the legal title. *Jennings v. Jenkins*, 9 Ala. 285. Unless the *quantum* and value of the estate are reasonably capable of ascertainment, a purchaser can not know what he is purchasing, and the court will be unable, on application for a confirmation of the sale, to determine whether the land sold for an amount not greatly less than its real value, as required by the statute.—Code, § 2467. A partner has no individual and separable claim, or right, to any particularized partnership assets, real or personal. His share of the partnership assets is incapable of legal ascertainment, until the payment of the partnership liabilities, the settlement of accounts, and the ascertainment of the *residuum*. If the *residuum* consists, in whole or in part, of real estate, the relation of partners is converted into a relation of tenants in common as to the real estate remaining. In *Brewer v. Brown*, 68 Ala. 210, the bill, which was for a partition of lands purchased with partnership effects, and conveyed to the partnership, was sustained, on the ground, "that all claim or right to have the lands treated as partnerships effects, and applied to partnership wants, is barred, and there is no longer any occasion or right, by bill or otherwise, to alter or disturb their *status* as real estate." The lands were accordingly treated as real estate, owned by the parties as tenants in common. If, however, the right to treat the lands as partnership effects, and to apply them to partnership wants, had not been barred, it is clear from the opinion delivered, that a partition would not have been decreed, without a settlement and adjustment of the partnership affairs. If, without such settlement, or without the lapse of the period of the bar, a partition of the partnership lands will not be made between the surviving partner and the heirs of the deceased partner, on what principle is the court authorized to order the sale of the deceased partner's interest, for distribution among his heirs, before the occasion and time

when the land will be treated as real estate, held and owned by the parties as tenants in common?

Whilst the evidence of the surviving partner shows that all the partnership debts have been paid, it also appears that there has been no adjustment and settlement of the partnership accounts *inter sese*. The Probate Court is without jurisdiction to make such settlement, and therefore without power to execute the preliminary ascertainment of the estate or interest of the decedent which is sought to be sold. A court of chancery alone is competent for this purpose, and has authority, to the end of doing complete justice, to decree a sale of the lands. A sale of such undefined interest, being a sale of the legal title descended to the heirs, subject to the partnership wants and equities, would greatly prejudice the estate.

We are forced to the conclusion, that it was not the intention of the statute to confer on the Probate Court jurisdiction to order the sale of a deceased partner's interest in partnership lands, antecedent to an adjustment and settlement of the partnership accounts. It is no answer, that, in this case, the surviving partner is the administrator, and would probably be estopped from asserting any claim or equity against the purchaser. The question of jurisdiction to order a sale, in such case, must be determined as applicable to all similar cases, without respect to the person who may be the personal representative. If the court had jurisdiction, when the surviving partner, who alone has the means of ascertaining the true state of the partnership accounts, is also administrator, an order of sale should not be made until a settlement, so that all the parties would occupy equal vantage-ground.

Reversed, and an order here made dismissing the petition.