# Whisenant, *et al.*, *v.* Hybart, *et al.*

## *Bill to Redeem.*

(Decided May 11, 1909. 49 South. 760.)

1. *Mortgages; Redemption; Bill; Parties.*—The heirs at law of the deceased partner being legally and beneficially interested in the estate created by the mortgage to the firm are proper if not necessary parties to a bill to redeem from the mortgage.

2. *Partnership; Ownership of Lands; How Held.*—Land acquired in the partnership name with partnership funds or for partnership purposes will be treated as personalty until the purposes of the partnership are accomplished, and then as realty of the partners as tenants in common.

3. *Mortgages; Foreclosure; Redemption; Parties.*—Notwithstanding section 4849, provides that the payment of a mortgage re-invests the title, it does not change or abrogate the rules of proper or necessary parties to a bill to redeem.

APPEAL from Monroe Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Sue Whisenant and others against C. L. Hybart and others to redeem lands sold under mortgage fore-

closure, under mortgage made to a firm. From a judgment sustaining demurrers to the bill complainant appeals. Reversed and remanded.

The complainants filed a bill as the heirs at law of H. L. Whisenant, deceased, who, it is alleged, executed a mortgage on certain lands to H. H. Hybart & Co., a firm composed of H. H. Hybart and N. G. Davis. It is alleged that H. H. Hybart had departed this life before the filing of this bill, and all his heirs at law are made parties respondent along with N. G. Davis, his surviving partner. The demurrers take the point that the bill does not aver whether H. L. Whisenhant died intestate or not, and that, while the parties complainant may be heirs at law of H. L. Whisenhant, they might not be beneficiaries under a will which might convey the property involved, and that there is a misjoinder, for that, if complainants are entitled to relief, they are entitled to it against N. G. Davis, surviving partner, and not against the heirs of H. H. Hybart. These demurrers were sustained, and the bill dismussed.

BARNETT & BUGG, for Appellant.

HYBART & BURNS, for Appellee.

MAYFIELD, J.—The heirs at law of a deceased partner are proper if not necessary parties to a bill to redeem lands which were mortgaged to the partnership, and in the name thereof. The necessary parties defendant to a bill to redeem from a mortgage are those who are legally or beneficially interested in the legal estate created by the mortgage. The heirs of the deceased partner may be both legally and beneficially interested in the mortgage estate as shown by the averments of the bill.—*Moon v. Jacobs,* 103 Ala. 549, 15 South. 866. The chancellor therefore erred in sustain-

ing a demurrer to the bill because of a misjoinder of the heirs of H. H. Hybart as respondents.

The English rule seems to be that when lands are acquired in the partnership name, with partnership funds, and for partnership purposes, equity will treat them as personalty for all purposes; but the better considered American cases hold that the lands thus acquired must be treated as personalty until the purposes of the partnership are accomplished, and then as realty, with the attributes of a tenancy in common.—*Brewer v. Browne,* 68 Ala. 210; *Espy v. Comer,* 76 Ala. 501. The statute (section 4899 of the Code of 1907), providing that payment of the mortgage debt revests title, does not change the rule of law as to the necessary or proper parties in bills to redeem.

The decree is reversed, and the cause is remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.