# Walton *v.* Atkinson.

## *Bill to Enforce Landlord's Lien.*

(Decided Feb. 10, 1910.   51 South. 826.)

1. *Partnership; Title of Deceased Partner in Firm Land.*—While the legal title of a deceased partner in firm land does not descend to his co-partner as surviving partner, yet the equitable title thereto passes to the surviving partner by operation of law.

2. *Same; Real Estate; Title.*—Real estate acquired by funds of the partnership, and for partnership purposes is in equity deemed partnership property, subject to the payment of partnership debts in priority to the separate debts of the partners, and this is true whether the legal title resides in the partnership, or in the partners as tenants in common, or in the name of one partner only, and the land is treated as personalty until the purposes of the partnership are accomplished.

3. *Same; Action by; Death of Partner; Effect.*—An action by partners suing as a partnership does not abate by the death of one of the partners pending the action, but may be prosecuted by the surviving partner.

4. *Landlord and Tenant; Lien; Rent and Advances.*—Where a tenant of a firm for a term of years held over for one year during which time one of the partners died, and then held over the following year and treated the surviving partner as continuing landlord, such tenant was within the provision of section 4736, Code 1907, so as to give a surviving partner a lien on the crops of that year for rents and advances made for the previous year.

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Nathan L. Atkinson as surviving partner of the firm of Atkinson & Turner against J. M. Walton,

[Walton v. Atkinson.]

administrator of a tenant of said firm, to enforce a lien for rent and advances. From a decree overruling demurrer to the amended bill, respondent appeals. Affirmed.

BARNES & DENSON, for appellant. The proposition raised on demurrer involved the continuance and identity of relation of landlord and tenant between the same parties.—Sec. 4736, Code 1907; *Thompson v. Powell*, 77 Ala. 391; *Gunter v. DuBose*, 77 Ala. 326; *Reese v. Rudly*, 82 Ala. 267; *Rush v. Willets*, 130 Ala. 395. The title to the interest of Turner in the partnership real estate did not descend to the surviving partner.— *Powers v. Robinson*, 90 Ala. 225; *Lyons v. McCurdy*, 90 Ala. 497. It descended to the heirs of Turner in trust.—*Little v. Sendicor*, 52 Ala. 167; *Houston v. Stanton*, 11 Ala. 412; *Pugh v. Curry*, 5 Ala. 446. Such trust is generally limited to the payment of partnership debts, and must be enforced by divesting the legal title out of the heirs.—*Land v. Warren*, 25 Ala. 625; *Murphy v. Abrams*, 50 Ala. 293.

SAMFORD & DUKE, for appellee. Equity has jurisdiction to enforce the lien independently of the remedy given by the statute.—*Smith v. Bryant*, 60 Ala. 235; *Westmoreland v. Foster*, 60 Ala. 448; *Coffee v. Hunt*, 75 Ala. 236. Especially so in this case.—*Abraham v. Hall*, 59 Ala. 386. The lien for rent and advances may be united in one or separate counts.—24 Cyc. 1279. There was no objection as to parties.—*Abraham v. Hall*, *supra*. Under the facts in this case the tenant fell within the purview of the provisions of section 4736, Code 1907.—*Offut v. Scott*, 47 Ala. 104; see also 46 Fed. 12; 80 Cal. 253; 24 A. & E. Ency. of Law, 1231.

MAYFIELD, J.—The case made on appeal is fairly and fully stated by counsel for appellant as follows:

"The bill in this case states that respondent's intestate rented land from a partnership composed of N. L. Atkinson and L. S. Turner, doing business under the firm name of Atkinson & Turner, under a five-year lease, the said lease expiring on or about the 1st day of January, 1906, and that respondent's intestate, T. W. Wallace, Jr., held over during the year 1906, and, at the option of the landlord, was treated as a tenant under the terms of said lease for the year 1906, and that about November, 1906, one of the partners, L. S. Turner, died, and that said T. W. Wallace, Jr., held over and remained on the premises during the year 1907. The bill is filed on the theory that the surviving partner, N. L. Atkinson, by operation of law, has a lien on the crop of respondent's intestate for the year 1907, not only for the rent for the year 1907, but also for the balance due for rent and advances for previous years, and seeks to have such lien enforced in equity.

"Section 4736 of the Code of 1907 provides that, 'when the tenant fails to pay any part of such rent or advances, and continues his tenancy under the same landlord, on the same or other lands, the balance due therefor shall be held and treated as advances to him by the landlord for the next succeeding year, for which the original lien for advances, if any remain unpaid, shall continue on the articles advanced, * * * and for which a lien shall also attach to the crop of succeeding year.' It is an essential fact, and probably will not be disputed, that the questions raised on the demurrer involve the proposition of the continuance and identity of the relation of landlord and tenant between the same parties. * * *

"The questions now presented to this court by the assignments of error, from 1 to 7, inclusive, are: Was the landlord for the year 1907 the same as or identical with the landlord for the years immediately preceding? and are the necessary parties complainant made parties to the bill? To restate the first question: Did the death of Turner, a member of the partnership which had been landlord for several years immediately preceding the year 1907, make the identity of the landlord for 1907 different from that of the landlord of the immediately preceding years? These questions, for practical purposes, are involved in each of the assignments of error, and they will all be here considered together.

"The appellant does not mean to contend that the death of Turner severed the relation of landlord and tenant, but the contention is that the death of Turner terminated that relation so far as the identity of the landlord is concerned; that N. L. Atkinson, as surviving partner, was not identical with Atkinson & Turner; and that he, as surviving partner, would not become the landlord under the new contract of rental, N. L. Atkinson, as surviving partner, would not be identical with the partnership of Atkinson & Turner, and therefore a lien for rent and advances for a time previous to the year 1907 would not attach to the crop of 1907. Nor does the issue made by the demurrers involve the proposition of the tenant disputing the title of the landlord. It is a question of who is the legal landlord, and also whether said legal landlord has, at his option, elected to treat the said T. W. Wallace, Jr., as a tenant."

The legal title of L. S. Turner, the deceased partner, in the partnership lands, did not descend to N. L. Atkinson as surviving partner; but the equitable title and interest did, by operation of law, pass to the surviving

partner, and for the exact purpose of doing what this bill seeks to do. Real estate acquired with partnership funds, or on partnership credit, and for partnership purposes, in a court of equity is esteemed partnership property, subject to the payment of partnership debts, in priority of the separate debts of the several partners; and it is not material whether the legal title resides in the partnership, or in the several partners as tenants in common, or in the name of one partner only. —*Hatchett v. Blanton,* 72 Ala. 423; *Offutt v. Scott,* 47 Ala. 104; *Murphy v. Abrams,* 50 Ala. 293; *Little v. Snedecor,* 52 Ala. 167; *Caldwell v. Farmer,* 56 Ala. 405; *Causler v. Wharton,* 62 Ala. 358; *Brewer v. Browne,* 68 Ala. 210; *Espy v. Comer,* 76 Ala. 501.

The English rule seems to be that when lands are bought with partnership funds, and for partnership purposes, and the title taken in the name of the partnership, a court of equity will treat them as personalty for all purposes; but the better considered American decisions hold that such lands are to be treated as personalty until the purposes of the partnership are accomplished, and then as realty, with the attributes of a tenancy in common.—*Brewer v. Browne,* 68 Ala. 210; *Espy v. Comer,* 76 Ala. 501. "So far as the partners and their creditors are concerned, real estate belonging to the partnership is in equity treated as a mere personalty; and so it will be deemed as to all other intents, if the partners have by agreement or otherwise impressed upon it that character."—*Rovelsky v. Brown,* 92 Ala. 522, 9 South. 182, 25 Am. St. Rep. 83.

The legal title to the lands on which the crops were grown is not involved in this suit. It is immaterial where it resides. This question is not raised, and is confessedly not disputed. The bill does not aver such a change of landlords, or by any contract, or by opera-

tion of law, as to prevent section 4736 of the Code from applying to the surviving partner, who is the complainant. The bill clearly shows that the tenant treated the surviving partner as the continuing landlord, and hence he can maintain this suit, so far as any ground of the demurrer goes.

Suppose the suit had been brought by both partners, suing as a partnership, and one had died pending the suit; there would have been no abatement of the action or suit, and it would have required no revival in the names of the heirs or personal representatives of the deceased partner, but must, under the repeated rulings of this court, have been prosecuted by the surviving partner.—*Phoenix Co. v. Moog*, 81 Ala. 335, 1 South. 108; *Davis v. Davis*, 93 Ala. 177, 9 South. 736; *Burrows v. Pickens*, 129 Ala. 561, 29 South. 694, and authorities cited. If the action itself would not abate, then surely the right of action survived to the surviving partner.

It follows that the chancellor properly overruled the demurrers to the amended bill.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.