*13 OPINION.
Smith:
The deficiency determined in this appeal arose from the action of the Commissioner in adding to the income reported by the taxpayer $41,127.83, which is claimed to have been income of the taxpayer’s wife as her share of the profits of an alleged partnership *14 existing between herself and her husband, the taxpayer herein. The issue is whether the wife was in reality a partner in the Coca Cola companies enumerated in the findings of fact.
From the uncontroverted evidence in this appeal and from the record as it now stands, we must sustain the contention of the taxpayer that a bona -fide partnership existed between himself and his wife and that the wife is taxable upon her distributive shares of the profits of the partnership enterprises for the year 1920. We have the written partnership contract, executed prior to the taxable year, the agreement between the members of the partnership to divide the profits and losses, and the actual distribution of the actual partnership profits to the taxpayer’s wife. This is true with respect not only to the business conducted by the taxpayer as a sole proprietorship prior to December 31,1919, but it is also true with respect to the partnerships of which the taxpayer was a member prior to that date; under the partnership agreement executed under date of December 31, 1919, the taxpayer’s wife was made a member of the partnerships in which the taxpayer was interested and the other members of those partnerships agreed to take in the taxpayer’s wife as a member of the partnerships in which they were interested.
Under the laws of the State of Alabama, husband and wife are authorized to be partners in any kind of lawful business. Belser v. Tuscumbia Banking Co., 105 Ala. 514; 17 So. 40; Schlapback v. Long, 90 Ala. 525; 8 So. 113. In the last-named case the court said:
As modified by the statutes, there is nothing- in. the relation of husband and wife which prevents them from contracting to enter into partnership and constituting a firm.
At the hearing of this appeal some question was raised as to the effectiveness of the partnership agreement upon the real property owned by the partnership, as the instrument was not witnessed as required for the transfer of real estate. It appears, however, from the evidence that the real property was acquired and stood in the partnership name. The courts of Alabama hold that such lands are to be treated as personalty until the purposes of the partnership are accomplished. Walton v. Atkinson, 165 Ala. 644; 51 So. 826; Brewer v. Browne, 68 Ala. 210; Espy v. Comer, 76 Ala. 501. In view of the uncontradicted testimony on the part of the taxpayer, we are of the opinion that a legal partnership did in fact exist between the taxpayer and his wife and between these parties and the other members of the partnerships in which the taxpayer was interested prior to December 31, 1919, which entitled the wife to her distributive share of the profits.