## Lillian Burke, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 21557.    Promulgated October 15, 1930.

*T. M. Stevens, Esq.,* for the petitioner.
*J. A. Lyons, Esq.,* and *John D. Foley, Esq.,* for the respondent.

48

**OPINION.**

Trammell: The first issue raised by the petitioner is that section 280 of the Revenue Act of 1926 is unconstitutional. We have repeatedly held that where a petitioner appeals to this Board under section 280, the validity of said section may not be questioned in such proceeding. *Henry Cappellini et al.*, 14 B. T. A. 1269, and subsequent approving decisions. See also *Phillips* v. *Commissioner*, 42 Fed. (2d) 177, and *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208; certiorari denied, 281 U. S. 734.

In addition to the question affecting the jurisdiction of the Board, above referred to, we find it necessary to consider in this case only the second issue raised by the petitioner, namely, whether in her individual capacity she is liable, at law or in equity, for any unpaid tax of the taxpayer corporation.

The evidence shows that all the assets of the corporation were distributed in 1921 to its two stockholders, Frank Roche and Peter Burke, in equal portions. On the same date Roche and Burke formed a partnership to continue the undertaking business theretofore conducted by the corporation. On July 5, 1922, Burke died testate, leaving all of his property to his widow, the petitioner herein. On the death of Burke, Roche took possession of the partnership assets and continued the business, claiming that Burke was indebted to him or to the partnership. The petitioner was appointed executrix of her deceased husband's estate, the administration of which is still pending.

In 1925 certain real estate acquired by Roche and Burke from the taxpayer corporation was sold in part for cash and in part for notes. Subsequently the notes were discounted at the bank and the' cash proceeds divided between the petitioner, as executrix of the Burke estate, and Roche. No other distribution has been made to the Burke estate out of the partnership assets and, with the exception of the real estate, it is not shown that the petitioner, individually, has at any time ever received any of the assets of the taxpayer corporation, either directly or through the estate. Respondent asserts liability against the petitioner individually and not as executrix of the estate.

The respondent does not contend that the petitioner herein is liable on account of the proceeds from the sale of the real estate received by her in 1926 as executrix of Peter Burke's estate, but asserts that immediately upon the death of her husband the title to his interest in the real estate vested in her by operation of law, and that therefore she is liable for corporate taxes to the extent of one-half the value of said real estate on July 5, 1922, the date of Burke's death.

Whether respondent's contention is sound depends upon the rule of law which obtains in the State of Alabama. The status of partnership real estate upon the death of a partner has been a subject of consideration by the Supreme Court of Alabama in numerous cases, and with respect thereto the law of that State seems to be well settled. The matter is discussed quite clearly and at length in *Rovelsky* v. *Brown*, 92 Ala. 522; 9 So. 182, where the court in the course of its opinion, said:

> The doctrine is familiar, and is illustrated by many reported cases, that when partnership funds have been used in the acquisition of real estate, whether the title be taken in the name of one partner, or in the names of all, so as to make them in law tenants in common, such property will for certain purposes be treated in courts of equity as personalty. *Powers* v. *Robinson*, 90 Ala. 225, 8 South. Rep. 10, and authorities there cited. * * * A general partnership is a scheme of coordinate contribution, effort, and action by each for all. The property and resources contributed by the several members constitute a fund specially appropriated for use in carrying on the partnership business, for the satisfaction of partnership obligations, and for a ratable division of what may be left among the partners. None of these special purposes could be effectually carried out as to real estate, if the incidents of the legal ownership of that kind of property· are recognized in the partnership dealings. The powers of the several general partners in the acquisition, management, control·and disposition of the partnership property in the course of business, would be impossible of adequate exercise if hampered by the restrictions which at law embarrass the ownership and alienation of real estate. The incidents of dower, heirship, etc., practically preclude, so far as real estate is concerned, a recognition at law of that species of title which a partnership and the several members thereof have in the firm property; for

each has the power of absolute disposition within the scope of the business, and, in the case of the death of a member, the survivor or survivors are vested with an exclusive title and right of disposition for partnership purposes. * * * In *Lang's Heirs* v. *Waring*, 17 Ala. 145, it was said: "So far as the partners and their creditors are concerned, real estate belonging to the partnership is in equity treated as more personalty; and so it will be deemed as to all other intents, if the partners have by agreement or otherwise impressed upon it that character." * * * Our conclusion is that partnership real estate is, in equity and for partnership purposes, to be treated as personalty; * * *

See also *Blanchard* v. *Floyd*, 93 Ala. 53; 9 So. 418, and *Walton* v. *Atkinson*, 165 Ala. 644; 51 So. 826, in which latter case the court held that the legal title of a deceased partner in firm lands does not descend to the surviving partner, but that the equitable title and interest do by operation of law pass to the surviving partner. The court further held that real estate acquired with firm funds and for firm purposes is deemed in equity firm property subject to the payment of firm debts in priority to the separate debts of the partners, whether the legal title resides in the firm, or in the partners as tenants in common, or in the name of one partner only, and is treated as personalty until the purposes of the firm are accomplished.

At the time of the hearing in this case the affairs of the partnership of Roche & Burke had not been finally wound up, and the question of the indebtedness of Burke to Roche or the partnership had not been settled, nor had the administration of the estate of Burke been concluded. It is apparent, therefore, that at the time of Burke's death in 1922 the equitable title to his interest in the partnership real estate passed, under the Alabama law, to the surviving partner, Roche, and only the bare legal title vested in his widow, the petitioner herein. This is not sufficient, in our opinion, to fix liability on the petitioner for taxes of the corporation on the theory that she has gratuitously received assets of the corporation, in the form of partnership real estate, impressed with an equitable lien to that end.

Section 602 of the Revenue Act of 1928 provides that the burden of proof shall be upon the Commissioner to show that a petitioner in a proceeding before the Board is liable as a transferee of property of the taxpayer. A petitioner is liable as a transferee only to the extent of the value of property of the taxpayer received, and since the respondent has not in this case shown that the petitioner, in her individual capacity, has ever received any of the assets of the dissolved corporation, we hold that in such capacity the petitioner is not liable, at law or in equity, for any unpaid taxes of the corporation.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*