HILL *vs* M'NEIL, survivor &c.

1. In a declaration by a surviving co-partner, for goods, wares, and merchandise, sold and delivered to defendant, by the co-partnership, it is sufficient, (*after verdict*,) that the plaintiff sets out in the commencement of his declaration the character in which he sues: It may be connected with his name wherever it is mentioned in the declaration.

Error to the County court of Wilcox county.

Assumpsit, by a surviving partner for goods, wares, and merchandise, sold and delivered to the defendant, by the co-partnership.

At the July term, eighteen hundred and thirty-five, of the County court of Wilcox county, the plaintiff below, filed his declaration, as follows: John McNeil, surviving partner of the late firm of Robert Martin and John McNeil, trading in partnership, under the name of Martin & McNeil—complains of Rhydon G. Hill, in custody, &c. of a plea of trespass on the case on promises, &c. For that, whereas the defendant heretofore, to wit, on the twentieth day of February, in the year of our Lord one thousand eight hundred and thirty-three, at the county of Wilcox aforesaid, was indebted to the said plaintiff in the sum of five hundred and fifty-nine dollars and eighty-eight cents, for divers goods, wares and merchandise, by the said Martin & McNeil, before that time sold and delivered to the said Rhydon G. Hill, at his special instance and request. And also, in the further sum of five hundred and fifty-nine dollars and eighty-eight cents, of lawful money of the United States, for money, by the said Martin & McNeil before that time, lent and advanced to, and paid out and expended for, the said Rhydon G. Hill, at his like special instance and re-

quest: and being so indebted as aforesaid, he the said Rhydon G., in consideration thereof, afterwards, to wit, on the same day and year aforesaid, undertook, and faithfully promised the said plaintiff to pay him the said sum of money, when he the said defendant should be thereunto afterwards requested. Yet, although often requested, the said defendant has not paid said sum of money, or any part thereof, but has wholly refused; to plaintiff's damage, &c.

To this declaration there were four pleas filed :—

1. Non assumpsit.

2. Payment and set-off.

3. Accord and satisfaction.

4. The statute of limitations.

To the pleas there were replications, and issues to the country.

And at July term, eighteen hundred and thirty-six, the parties came, and there came also a jury, who, having been elected, tried and sworn to try the issue, upon their oaths, said they found for the plaintiff, and assessed his damages at two hundred and thirty-six dollars, and ninety and a half cents. It was therefore considered by the court, that the plaintiff recover that sum of defendant, for his damages, as by the jury aforesaid, in manner and form aforesaid, assessed, and the costs by him, about his suit in that behalf, expended,—for which execution might issue, the defendant to be in mercy, &c.

And thereupon defendant took his writ of error, &c., and at the present term assigned,—That in the record, proceedings and judgment below, there was manifest error, in this, to wit: That,

1. The declaration contained no cause of action against the plaintiff in error, because it charged the indebtedness to the plaintiff below, in his individual character, and not as surviving co-partner, &c.

2. The declaration charged the promise as made to plaintiff, and not to the plaintiff as surviving co-partner.

And for these errors, plaintiff prayed that the judgment might be reversed.

*Peck* and *Clark* for the plaintiffs.
*Porter*, contra.

PER CURIAM.—The sufficiency of the declaration in this case is called in question, for the first time, by the assignment of errors in this court.—If, therefore, a substantial cause of action is stated therein, the objection can not prevail.

The suit is prosecuted by McNeil, as the survivor of Martin. The allegation in the declaration is, that the defendant below was indebted to the plaintiff, for goods, wares and merchandise, by the said Martin & McNeil, before that time, sold and delivered. This indebtedness could alone arise to the plaintiff, by the death of Martin; and after verdict, we must connect the statement at the commencement of the declaration, as to the character in which the plaintiff sues, to his name, wherever mentioned in the declaration.— The averments would then be in accordance with the most approved precedents.

The judgment must be affirmed.