[Bayzor et al. v. Adams.[

# Bayzor *et al. v.* Adams.

*Bill in Equity for Specific Performance and for Dissolution of Partnership and Settlement of Accounts.*

1. *Bill in equity against married woman relieved of disabilities of coverture; when husband not necessary party; when bill not multifarious.* When a bill seeks to enforce against a married woman, who has been relieved of the disabilities of coverture, the specific performance of a contract for the sale of land, and joins as a defendant another married woman, also relieved of the disabilities of coverture, on an allegation that the former had subsequently sold the same land to her, the husband of neither defendent is a necessary or proper party; and if the bill also seeks the settlement of a partnership between the complainant and the husband of the second defendant in carrying on a mill business on the land, as to which the husband only is a proper party defendant, it is multifarious.

APPEAL from Butler Chancery Court.
Heard before Hon. JOHN A. FOSTER.

[Bayzor et al. v. Adams.]

.The original bill in this case was exhibited on 16th September, 1884, by T. J. Adams against John M. Sims, Malissa M. Sims, N. M. Bayzor and Lucinda Bayzor.   The facts are sufficiently stated in the opinion.

GAMBLE & RICHARDSON, for appellants, cited 16 Ala. 87; 72 Ala. 303; 67 Ala. 397; 63 Ala. 363; 72 Ala. 210; 70 Ala. 318; *Ib.* 460.

J. F. STALLINGS, *contra.*

STONE, C. J.—One purpose of the amended bill is to obtain specific performance of a contract, alleged to have been entered into by Mrs. Sims, by which she agreed to sell to complainant an undivided half interest in a certain mill property, with its attachments and appliances.   To this bill Mrs. Sims is a necessary party, for the main relief is sought to be obtained from her.   Mrs. Bayzor is also a necessary party to this feature of the bill, for it is averred that since the making of the contract with complainant, Mrs. Sims has conveyed the same interest in the property to Mrs. Bayzor.   Both Mrs. Sims and Mrs. Bayzor had been relieved of the disabilities of coverture before any of these transactions occurred, and it follows that the husband of neither of them was a necessary party, so far as this feature of the case was and is concerned.   According to the averments of the bill as amended, no other person was a necessary or proper party, to the claim set up for specific performance.   But the amended bill presents another phase.   It avers that after complainant purchased the half interest from Mrs. Sims, he and N. M. Bayzor formed a partnership for operating the mill together, and that such partnership continued in operation for several months.   The bill prays a dissolution of the partnership, and a settlement of its accounts.   To this feature of the bill N. M. Bayzor appears to be the only necessary or proper party defendant.   This summary brings this case precisely within the general rule, " that a bill should not join distinct and independent matters, nor defendants against whom the complainant may have distinct and unconnected demands."—*Lehman v. Meyer*, 67 Ala. 306; 1 Brick. Dig. 719–26, §§ 1158, 1170; *Junkins v. Lovelace*, 72 Ala. 303

The demurrer for multifariousness should have been sustained.

Reversed and remanded.