# Rabitte & Gaudin *v.* Orr Brothers.

*Action on Common Counts, for Goods Sold and Delivered.*

1. *Gift or conveyance by husband to wife.*—A gift, or voluntary conveyance, by the husband to the wife directly, creates in her an equitable estate, which she has power to charge, and does charge by her contracts lawfully made.

| 83 | 185 |
| 96 | 223 |
| 83 | 185 |
| 102 | 472 |
| 83 | 185 |
| 103 | 638 |
| 104 | 531 |
| 105 | 517 |
| 83 | 185 |
| 114 | 303 |

[Rabitte & Gaudin v. Orr Brothers.]

2. *Married woman as partner.*—A married woman, owning an equitable estate, may become a member of a partnership, and thereby subject her interest in the partnership property to the satisfaction of a judgment against it in its common name; and whether she does not also charge that estate for any debt made by the partnership within the scope of the partnership dealings, *quære?*

3. *Action against partnership, and partners individually; non-joinder.* An action at law may be maintained against a partnership and the several partners individually, or some of them; and the non-joinder of other partners, or persons who have rendered themselves liable as such, will not defeat the action.

4. *Husband and wife as partners.*—When a partnership is formed and carried on between two married women, each owning an equitable separate estate, their husbands acting as general agents for them in the conduct of the business, the latter may also render themselves liable as partners to persons who deal with them in ignorance of the real facts.

5. *Claiming under and against assignment; estoppel.*—A creditor can not claim both under and against an assignment executed by his debtor, but must elect between the two inconsistent rights; but his acceptance of a dividend under an assignment made by two married women as partners, each owning an equitable estate, and their husbands joining with them in the conveyance, does not estop him from maintaining an action at law on his debt against the husbands, as partners also.

6. *Proof of partnership; general reputation.*—The existence of a partnership may be proved by the conduct or conversation of the parties, the exercise of control by them, or other relevant fact showing that they permit'ed themselves to be treated or trusted as partners; but not by general reputation, nor by mere opinion.

7. *General charge on evidence; when invading province of jury.*—Where the defendants are sought to be charged as partners, as shown by their conduct, if the evidence is not entirely in harmony and conclusive—if it is at all conflicting, indeterminate, or requiring inferences to be drawn—the question of fact should be submitted to the jury, and a general charge in favor of either party is erroneous.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. S. H. SPROTT.

This action was brought by Orr Brothers, merchants and partners, doing business in Nashville, Tennessee, against Roddy B. Rabitte and Frank R. Gaudin, individually, and as partners composing the firm of Rabitte & Gaudin, which firm was engaged in business in Tuskaloosa; and was commenced on the 26th January, 1886. The complaint contained but a single count, which claimed $308.79, "due from said defendants by account stated between them and plaintiffs, on, to-wit, the 25th January, 1885, for merchandise, goods and chattels, sold by plaintiffs to defendants, on, to-wit, November 30th, December 1st, and December 8th, 1885." The only plea was the general issue, and there was judgment on verdict for the plaintiff, under the charges of the court, for $280.33,

"On the trial," as the bill of exceptions states, "the plain-

tiffs' evidence tended to show that one Mitchell, one of their salesmen, called at the store-house of Rabitte & Gaudin in the city of Tuskaloosa, and there found said R. B. Rabitte and Frank R. Gaudin, and sold to them, for said firm of Rabitte & Gaudin, a bill of goods amounting to $308.79, for which this suit is brought. The defendants' evidence tended to show that said goods were not bought by them individually, nor under the firm name of Rabitte & Gaudin, but for and on account of Mrs. Ellen Rabitte and Mrs. Louisa O. Gaudin, their respective wives, who were partners in trade, doing business under the said firm name of Rabitte & Gaudin;" that this partnership was entered into on the 22d August, 1881, the agreement reduced to writing, and signed by the parties; that the partnership commenced to do business under this agreement, a few days after its date, in the store-house where the business of Rabitte & Gaudin was thenceforth carried on; that the capital stock of said partnership was $600, one half of which was contributed by each of the said partners; that the money put into the firm by each of the women "was given to her by her husband," was deposited in bank to her credit, and drawn out on the checks signed by her, "by her husband," and put in the said partnership; that Mrs. Rabitte and Mrs. Gaudin, "in contemplation of this partnership, and at the time of its formation, separately authorized their husbands to manage said partnership business for them, as their respective agents; that the defendants carried on the partnership business in said store-house, and were in the active management and control thereof, making purchases and sales in the firm name, and giving their whole time and attention to the business; that there was no agreement between them and their respective wives, or with the said firm, as to the compensation they should receive for their services, but they received and retained the cash receipts of the business, for which they made no settlement, and rendered no account to their respective wives;" that the defendants, on taking charge of said partnership business, had printed bill-heads and letter-heads prepared, in which the names of the partners appeared as "E. Rabitte" and "L. O. Gaudin;" that several hundred of these printed sheets were used "in the regular correspondence of said firm with plaintiffs and others; that the said partnership, during its continuance, continually bought goods from plaintiffs, and had many transactions with them, amounting to several thousands of dollars, which had all been paid, except the account

[Rabitte & Gaudin v. Orr Brothers.]

sued on; that said goods were bought in good faith, in the ordinary course of trade, at their store in Tuskaloosa, without any thing being asked or said about the firm;" that the business proving unsuccessful, an assignment for the benefit of their creditors was made by said firm, on the 25th January, 1886; that this assignment "was carried out in good faith by the assignees, and, on winding it up, they paid plaintiffs' attorney $51.54 as their *pro rata* share of the assets."

The articles of partnership were dated August 22d, 1881, and were signed, "ELLEN RABITTE, by her agent, *R. B. Rabitte;*" "L. O. GAUDIN, by her agent, *F. R. Gaudin.*" By its terms, the partnership was for the term of one year, commencing September 1st, 1881, "and to continue on unless dissolved by mutual consent;" and each was allowed to draw out, "for support of family," $50 per month. The assignment purported to be made by Mrs. Rabitte and Mrs. Gaudin as parties of the first part, "their husbands joining with them in this conveyance and sale;" and it was signed by them, their husbands, and the trustees.

The plaintiffs' testimony, "in rebuttal, tended to show that, at the time of the purchase and sale of said goods, said R. B. Rabitte and F. R. Gaudin were in the said store-house in Tuskaloosa, and did not disclose who constituted the said firm; and that the goods were sold by their salesman to them, and not to the firm composed of Ellen Rabitte and Louisa O. Gaudin." The plaintiffs introduced several witnesses, among them a banker, an attorney, and the sheriff of the county, each of whom testified, in substance, "that he supposed the partnership of Rabitte & Gaudin was composed of Roddy B. Rabitte and Frank R. Gaudin, and had never heard any thing to the contrary;" and the court admitted this evidence, against the objection and exception of the defendants.

This being "substantially all the evidence," the court charged the jury, on request, "that they must find for the plaintiffs, if they believed the evidence." The defendants excepted to this charge, and asked a general affirmative charge in their own favor, duly excepting to its refusal, and also to the refusal of the following charges: (2.) "The plaintiffs, having accepted the benefits accruing under the assignment in evidence, can not now be heard to dispute its validity." (3.) "If the jury believe from the evidence that the said mercantile business, entered into and conducted in Tuskaloosa by Mrs. Rabitte and Mrs. Gaudin, failed; and that said par-

[Rabitte & Gaudin v Orr Brothers.]

ties made an assignment of all their property for the benefit of their creditors; and that plaintiffs accepted their *pro rata* from the trustees of the assigned estate,—then they may find that the plaintiffs are estopped from enforcing the liability, if any, against the defendants." (4.) "The wife may confer on the husband, as her general agent and manager, any power which she possesses; and if the jury believe from the evidence that Mrs. Rabitte and Mrs. Gaudin appointed their husbands as their general agents to manage their equitable estates, as shown in the evidence, such act was authorized by law, and the husbands are not liable for contracts entered into, for and on account of their wives, if said contracts were *bona fide.*" (5.) "If the jury believe from the evidence that the defendants' wives have each an equitable separate estate; and that they commenced a mercantile business in the city of Tuskaloosa, and duly appointed their husbands as agents to conduct said business in their names; and that the business was so conducted *bona fide*, and the goods for which this action is brought were purchased by the defendants, as agents in the conduct of said business, for and in the name of their wives; then, without more, the plaintiffs can not recover." 

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

WOOD & WOOD, for the appellants.

STONE, C. J.—It has been too often ruled by this court, to be further open to controversy, that if a husband make a voluntary conveyance or gift directly to his wife, it vests in her an equitable estate, which she has power to charge, and does charge by her contracts lawfully made.—*McMillan v. Peacock*, 57 Ala. 127; *Helmetag v. Frank*, 61 Ala. 67; *Seals v. Robinson*, 75 Ala. 363; *Meyer v. Sulzbacher, Ib.* 423; *Powe v. McLeod*, 76 Ala. 418; *McIlwain v. Vaughan, Ib.* 489; *Washburn v. Gardner, Ib.* 597; *Loeb v. McCullough*, 78 Ala. 533; *Loeb v. Manasses, Ib.* 555.

We think it equally clear, that a married woman, having an equitable separate estate, may become a member of a partnership; and that such partnership may be sued at law in its partnership name, and the partnership effects subjected to sale under a judgment recovered in such suit.—*Yarbrough v. Bush*, 69 Ala. 170; *McCaskey v. Pollock*, 82 Ala. 174. And is it not equally true, that a married woman copartner, own-

ing an equitable separate estate, charges that estate for any debt the partnership makes, within the scope of the partnership dealings?—Parsons on Partnership, 3d ed., 29; *Bayzor v. Adams*, 80 Ala. 239; *LeGrand v. Eufaula Nat. Bank*, 81 Ala. 123. This last question is not raised by this record, and the principle is only material as tending to show the changed property rights and liabilities of married women.

In the present suit, the husbands, Roddy B. Rabitte and Frank R. Gaudin, are sued as partners, and as individuals. It is not essential to the maintenance of the suit that they alone should be liable. If their wives were the real partners, the real purchasers, the real debtors, yet the husbands are also liable, if they permitted themselves to be held out as the partners, or as members of the firm.—*Ala. Fer. Co. v. Reynolds*, 79 Ala. 497, and citations. A suit against the husbands, although not the only partners, or although, as between themselves, not partners at all, if they knowingly permitted themselves to be trusted, or dealt with as such, may be maintained against them, without joining their wives in the suit.—Code of 1876, § 2904; and note to § 2605, Code of 1886.

The most important question in this case is, whether Rabitte and Gaudin, the husbands, permitted themselves to be held out, dealt with and trusted as the members of the firm, or as members of the firm. If they knowingly did so, or if the facts and circumstances are such as to reasonably convince the jury that they must have understood that they were dealt with as such, then good faith required that they should have notified Orr Brothers that they were not partners; and a failure to do so would be a fraud, unless it were shown that Orr Brothers knew the wives constituted the firm of Rabitte & Gaudin.

It is claimed for appellants, that by accepting a dividend under the assignment the wives made, Orr Brothers have estopped themselves from recovering in this suit. There is nothing in this record to raise that question. Receiving partial payment out of the effects of Rabitte & Gaudin, although the wives united with their husbands in making the assignment, is no bar to recovering a personal judgment for the balance of the debt, against any or all persons liable to them as partners. And the fact that in the assignment the wives claimed solely to have constituted the firm, does not vary the question, if, under the rules declared above, the husbands have made themselves liable. If an

[Freeman v. Speegle.]

attempt should be made to subject to this suit any property conveyed by the assignment, then the fact, if fact it be, that Orr Brothers have accepted a dividend under the assignment, would become material. A creditor can not be allowed to claim both under and against an assignment.—*Butler & Alford v. O'Brien,* 5 Ala. 316; *Espy v. Comer,* 80 Ala. 333.

The testimony of the witnesses, that they supposed the husbands constituted the firm of Rabitte & Gaudin, was mere opinion, and illegal. Partnership, and who compose it, must be proved, not by reputation, or opinion, but as other material facts are proved. Conduct, conversation, control, or any other relevant fact tending to show it, or that persons permitted themselves to be treated or trusted as partners, are among the pertinent questions by which partnership liability is established. We mean the facts—not opinions or conclusions drawn from them.

Whether the husbands were the partners, or had permitted themselves to be treated or trusted as such, were inquiries which should have been submitted to the jury. The testimony was neither so clear as to dispense with all inferences to be drawn, nor so entirely in harmony and conclusive, as to relieve the jury of the duty of weighing it. The general charge should not have been given.—3 Brick. Dig. 109, § 44.

Reversed and remanded.