# Cotton *v.* The State.

### *Indictment for Carrying Concealed Pistol.*

1. *Carrying concealed pistol; general charge on evidence.*—On a prosecution for carrying a pistol concealed about the person (Code, § 3775), a general charge in favor of the State is erroneous, when the entire evidence for the prosecution is the testimony of a single witness, who did not see or handle the weapon, but only saw the impression made by it while carried in the inside breast pocket of a close-fitting coat, although he testifies "that the impression was perfect, and plainly noticeable to any one on casual observation; that any one looking at the defendant could easily see said impression, and know that it was made by a pistol carried under the coat; and that it was so distinct and plain that he could tell the length of the pistol, as well as its shape and size, and even the shape of the hammer." On this testimony, while the jury might infer that the impression was made by a pistol, a general charge was an invasion of their province.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case was indicted for carrying a pistol concealed about his person. On the trial, the State introduced one Wescott as a witness, the substance of whose testimony is stated in the opinion of the court; and the defendant declined to introduce any evidence at all. The court charged the jury, on request, that they must find the defendant guilty as charged; and to this charge the defendant excepted.

J. GINDRAT WINTER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, J.—There is no positive testimony in this case that defendant carried a pistol concealed about his person. The testimony was by a single witness, who testified, "that the defendant, at the time, had on a military, close-fitting coat; that the pistol was carried in an inside, breast pocket;

[Boyd v. The State.]

that he could not, and did not see the pistol, or any part of it, but he could plainly see the impression of the pistol fifteen feet off, made on the outside of the coat; that said impression was perfect, and plainly noticeable to any one on casual observation, and that any one looking at defendant could easily see the said impression, and know that it was made by a pistol carried under the coat; that the impression was so distinct and plain, that he could tell the length of the pistol, as well as its shape and size, and even the shape of the hammer." This was all the testimony as to matters of fact. The rest was the opinion or conclusion of the witness, which was not legal evidence in a case like the present.

However strong and convincing the circumstances may have been, they were not of the class which authorized the general charge. An inference to be drawn was a necessary element in the constitution of the offense—namely, that the visible impression on the clothing was made by a pistol; and this inference the jury alone was competent to draw. 1 Brick. Dig. 335, § 4; 3 Brick. Dig. 110, §§ 56 *el seq.*; *Rabbitte v. Orr*, 83 Ala. 185. Is it not logically incontrovertible, that if the impression made on the coat was so clear and palpable that a witness fifteen feet away could readily and unmistakably affirm as fact that it was made by a pistol, then the pistol was not concealed, and the statute was not violated. We think, however, that this case does not fall within such principle. The pistol, if it was a pistol, was concealed, covered up, hidden from sight. What we do decide is, that it was for the jury to draw the inference, whether or not it was a pistol.

Reversed and remanded.