# Schlapback *v.* Long.

*Garnishment on Judgment; Contested Claim of Exemption.*

1. *Husband and wife as partners.*—Under statutory provisions now of force (Code, §§ 2341–51), the wife being entitled to her own earnings, and to the rents, income and profits of her separate estate, being allowed to engage in trade on her own account, and to contract with her husband; she may form a partnership with him, as with any other person, or render herself liable as a partner to creditors who have dealt with them on the faith of their conduct.

2. *Estoppel against partners.*—Persons who have held themselves out to the world as partners, are estopped from denying the fact of partnership, when sued by creditors who have dealt with them on the faith of their conduct.

3. *Estoppel by judgment.*—A judgment against a partnership is conclusive on the partners individually, both as to the existence of the partnership, and as to the fact that the claim sued on was a partnership debt.

4. *Exemption against partnership debt.*—One partner can not, during the existence of the partnership, claim an individual exemption in the partnership assets, as against a partnership debt.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

Garnishment on judgment; claim of exemption, and contest thereof. On the evidence adduced, the court sustained the claim of exemption; and this judgment, to which the plaintiff excepted, is here assigned as error.

AGEE & MICOU, for appellant, cited *Trimble v. Farris*, 78 Ala. 260; *Hall v. Caperton*, 87 Ala. 285; *Strauss v. Meertief*, 64 Ala. 299; *Hendricks v. Kelly*, 64 Ala. 388; 70 Amer. Dec. 603; 11 Amer. St. 132; 5 *Ib.* 502; *Giovanni v. Nat. Bank*, 55 Ala. 305; *Rabbitte v. Orr*, 83 Ala. 185.

BLACKWELL & KEITH, *contra*, cited *Glenn v. Gill*, 2 Md. 1; Bates on Partnership, 120, § 103.

CLOPTON, J.—G. T. Long filed a claim of exemptions as to debts owing by certain parties for board and lodging at the "Parker House" in the city of Anniston, which appellant sought to reach and subject to his debt by process of garnishment. The claim was contested by appellant, on the ground that the debts garnisheed were partnership assets of the firm of Mr. and Mrs. G. T. Long, and that this claim is a partnership debt. The evidence clearly establishes, that Mr. and Mrs. G. T. Long held themselves out as joint proprietors of the "Parker House," by an advertisement in a newspaper published in the city of Anniston, by the headings of the hotel register, and by bill-heads generally used, and permitted themselves to be dealt with and trusted as partners in the hotel business. On December 17, 1889, appellant recovered in the City Court of Anniston a judgment for two hundred and five dollars and seventy-nine cents, and costs of suit, against " Mr. and Mrs. G. T. Long as a partnership, and G. T. Long individually," which was founded on an account for meat furnished the Parker House; and on this judgment the garnishments were issued.

Under the statutes of this State, the earnings of the wife are her separate property; she has the control and management of her separate estate, and is entitled to the rents, incomes and profits; and husband and wife may contract with each other. Code, §§ 2342–2349. A married woman may engage in trade on her separate account, and may become a partner with another person; and is estopped from denying the existence of the partnership, when sued in the partnership name by creditors who have dealt with and trusted her as such.—*LeGrand v. Euf. Nat. Bank*, 81 Ala. 123. As modified by the statutes, there is nothing in the relation of husband and wife, which prevents them from contracting to enter into partnership and constituting a firm. In *Rabbitt v. Orr*, 83 Ala. 185, it was held that a husband may render himself liable as a partner with his wife, by knowingly holding himself out, or permitting himself to be dealt with and trusted as such partner.—*In re Kinkead*, 3 Biss. 405.

It is true that Long testified that Mrs. Long had no interest

[Handley, Reeves & Co. v. Lawley & Co.]

in the hotel business, and that no partnership existed between them. He is estopped from denying the existence of the partnership, as against appellant, not only by holding himself out as a partner with his wife, as shown by the evidence, and inducing appellant to trust them on the faith of its existence; but also the judgment is conclusive of the fact of partnership, and that the debt on which it is founded is a partnership debt. It is well settled, that a partner can not claim, during the existence of the partnership, an individual exemption in partnership property, when taken under legal process for partnership debts.—*Giovanni v. First Nat. Bank*, 55 Ala. 305.

Reversed and remanded.