# Belser v. Tuscumbia Banking Co. *et al.*

## *Statutory Claim Suit.*

1. *Partnership between husband and wife; deed of assignment executed by wife in name of firm valid.*—A deed of assignment for the benefit of all the creditors of a partnership composed of a husband and wife, executed by the wife in the firm name, by the direction of the husband, and unconditionally devoting all of the partnership assets to the payment of the partnership's debts, is valid, vesting all the assets in the assignee; and a debt owing such partnership, which was included in the deed of assignment, is not subject to garnishment in a suit by one of the partnership creditors against the firm.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

On June 10, 1893, the appellant, W. J. Belser, brought suit against the appellees, the Tuscumbia Banking Company and Hinton E. Carr, to recover an amount alleged to be due by account, and for money had and received by the defendant. On August 11, 1893, an ancillary garnishment was issued at the instance of the plaintiff and served upon Stanley Brothers. The garnishee answered that at the time of the said garnishment, James N. Sampson, as assignee of the Tuscumbia Banking Company, held a note against them for five hundred

dollars, which they had executed to Hinton E. Carr, president of the Tuscumbia Banking Company, which had been transferred to said Sampson as assignee, about a month prior to said garnishment. James N. Sampson, as assignee of the Tuscumbia Banking Company interposed a claim to the said note, alleging that the note was in the hands of the said Sampson, as assignee, and that the indebtedness evidenced thereby was not subject to the garnishment. Issue was made up upon this claim. On the trial of the claim suit, the plaintiff proved the indebtedness of the defendant to him, and that the garnishees had answered that they were indebted to the defendant, and suggested a claim by the assignee, who was the claimant. It was shown in behalf of the claimant, that on June 10, 1893, the Tuscumbia Banking Company had executed a deed of assignment, making the claimant, James N. Sampson, the assignee, and that said Sampson had accepted the trust. This deed of assignment was executed by Emma Carr, the wife of Hinton E. Carr, and was made for the benefit of all the creditors of the Tuscumbia Banking Company. The Tuscumbia Banking Company was a partnership between Hinton E. Carr and his wife, Emma Carr. The partnership was formed by articles of co-partnership duly entered into and executed by and between the partners. These articles of partnership, which were introduced in evidence, showed that the purpose for organizing the co-partnership was for carrying on the business of banking; that the capital of the co-partnership was furnished by Emma Carr, the wife of Hinton E. Carr, and it was agreed therein that said Hinton E. Carr should be the business manager of the partnership, attending to all its transactions, and that the profits of said partnership should be distributed equally between them. The articles of partnership were entered into on April 1, 1890. One Burt Harrington, who was in the employ of the Tuscumbia Banking Company, testified that about 10 o'clock on the morning of June 10, 1893, an attachment was sued out against the Tuscumbia Banking Company, and levied upon the furniture in the business house of said partnership; that at the time of said levy, Hinton E. Carr was in the city of New York; that the witness, Harrington, who was left in charge of the business during the absence of Hinton E. Carr, went

to see Emma Carr, the wife of Hinton E. Carr, who was a member of the partnership, in reference to the making of an assignment; that between the hours of 11 and 12 o'clock on the same day, Emma Carr received a telegraphic communication from Hinton E. Carr, who was in the city of New York, directing her to make and execute a general assignment of all the property of the Tuscumbia Banking Company for the benefit of the creditors of said firm, and that thereupon a deed of assignment was executed by said Emma Carr in the name of the Tuscumbia Banking Company for the benefit of all the creditors, in which the claimant, James N. Sampson, was made assignee, who accepted the trust. James N. Sampson, the claimant, testified that among the assets of said Tuscumbia Banking Company that were turned over to him, as assignee, were the notes of the garnishees, Stanley Brothers, to the Tuscumbia Banking Company. The cause was tried without the intervention of a jury. Upon this evidence, the court rendered judgment in favor of the claimant, as assignee of the Tuscumbia Banking Company, and declared that the indebtedness set forth in the answer of the garnishees was not subject to the garnishment sued out at the instance of the plaintiff. To this judgment the plaintiff duly excepted; and prosecutes this appeal, and assigns as error the rendition of said judgment in behalf of the claimant.

ROULHAC & NATHAN, for appellant.—A married woman can not, under section 2349 of the Code of Alabama, become a partner in trade with her husband, because in so doing the wife becomes the surety for the husband. While a member of a partnership is not a surety for the firm as such, a partner is, in a great degree, a surety for his co-partner. He is bound for what his co-partner does within the limits of the business and apparent authority of the partnership, and his individual property may be, and often is, liable for the acts of such member of the firm.— *Wilson v. Strobach*, 59 Ala. 488 ; *Sitler v. Walker*, 1 Freem. Ch. (Miss.) 77.

If the wife can become a partner in trade with her husband, her becoming so must be done with the consent of the husband expressed in writing, and filed and recorded in the office of the probate judge of the county of their residence, in which the business is carried on.—Code of

1886, § 2350. There was no evidence in the present case showing that this was done. Nor can the assignment be referred to, or sustained by, any supposed agency or attorneyship of Mrs. Carr for her husband. The deed does not purport to be made in that capacity. It is made by her as a member of the firm, and is to be sustained, if at all, only as a partnership act.—1 Devlin on Deeds, §§ 377, 381.

J. B. MOORE, *contra.*—A wife can become a partner in business with her husband.—*LeGrand v. Eufaula Nat. Bank*, 81 Ala. 130 ; *Rabitte v. Orr*, 83 Ala. 190 ; *Schlapback v. Long*, 90 Ala. 526.

BRICKELL, C. J.—At common law, husband and wife were incapable of contracting with each other, and of consequence were incapable of forming a partnership. This rule of the common law does not prevail in this State, if the wife has a statutory or equitable separate estate she is capable of charging by her contracts or engagements ; nor can it in any case be applied when partnership property or assets are involved, and there is not an effort to charge her personally with partnership contracts.—*Yarbrough v. Bush*, 69 Ala. 170; *Rabitte v. Orr*, 83 Ala. 185 ; *Schlapback v. Long*, 90 Ala. 525. The statute expressly authorizes husband and wife to contract with each other, subjecting their contracts to the rules of law as to contracts by and between persons standing in confidential relations, and inhibits the wife from becoming the surety of the husband.—Code, § 2349. Contracts between persons standing in confidential relations are not void ; they are voidable only at the instance of the party injured, seasonably expressed ; until avoided they are binding and operative. The relation of partners to each other is that of agency. As to all with whom they contract they are principals. There is no element of suretyship in the relation.

The assignment devotes the partnership assets wholly and unconditionally to the equal payment of the partnership debts. It was executed by the wife in the partnership name by the direction and with the consent of the husband, and there is no room to dispute its validity. Let the judgment be affirmed.