[Compton, *et al.* v. Smith.]

# Compton *et al. v.* Smith.

### *Action on a Promissory Note.*

1. *Partnership; when action on notes against individuals and not against partnership.*—An action against "A. B. and C. D. partners doing business under the style of A. B. & C. D.," counting upon notes which were signed by the defendants individually and which contained nothing on their faces to indicate a partnership between them, is a suit against said parties as individuals and not against them as partners.

2. *Same; wife can not become surety for husband, but may bind herself as partner of husband.*—While under the statute the wife can not directly or indirectly become the surety of her husband (Code of 1896, § 2529), and a note signed by her with her husband as his surety is not a binding obligation upon her; still if she and her husband are partners in business and as such partner she signs a note with her husband for a partnership debt, she is bound thereby.

3. *Action on promissory note; suretyship can be shown by parol evidence.*—Whether one of the signers of a note was surety or not—especially when the fact of suretyship does not appear on the face of the note—is a fact which may be shown by extrinsic parol proof; and in an action against a husband and wife, where the wife pleads coverture and that she signed the note as surety of the husband, it is competent for the wife to testify on her examination whether or not she signed the note as surety for her husband; and such testimony is not subject to the objection that it states a conclusion of the witness.

4. *Same; partnership between husband and wife; charge in reference thereto*—In an action upon promissory notes, which were signed by a husband and wife, where the wife pleads coverture and that the notes sued on were signed by her as her husband's surety, but the plaintiff sought to recover against the wife upon the ground that she and her husband were partners and that the notes were signed by them for a partnership debt, and evidence was introduced tending to show this fact, a charge to the jury, which, after stating that the wife could not become surety for the husband's debt, then instructs the jury that unless they believe that the defendants were partners their verdict should be in favor of the wife, is free from error and should be given at the request of the defendant.

5. *Same; same; same.*—In such an action, where the plaintiff intro-
   duced in evidence several mortgages given to secure the pay-
   ment of the debt evidenced by the notes sued on, and which
   were signed by the defendants, respectively, but did not on their
   faces indicate that they were made by the partnership, a charge
   which instructs the jury that the said mortgages so introduced
   in evidence "did not show absolutely that the defendants were
   partners," is free from error, and not subject to the objection
   that it singles out and lays stress upon a part of the evidence
   without reference to other parts of it

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. J. J. BANKS.

This action was brought by the appellee, J. W. Smith,
against D. C. Compton and F. M. Compton, partners
doing business under the style of D. C. Compton &
F. M. Compton." The complaint counted upon prom-
issory notes executed by defendants. The defendants
filed a plea of the general issue and a special plea deny-
ing the indebtedness as set forth in the complaint, and
the defendant, F. M. Compton, filed a plea of coverture,
which is set out in the opinion. The principal facts of
the case, which show the rulings presented and reviewed
on the present appeal, are sufficiently stated in the
opinion.

Upon the introduction of all the evidence, the defend-
ants requested the court to give to the jury the following
written charges, and separately excepted to the court's
refusal to give each of them as asked : (1.) "I charge
you, gentlemen, that a wife can not become surety for the
husband's debt, either directly or indirectly, and unless
you believe that D. C. Compton and F. M. Compton are
partners, your verdict must be for the defendant, F. M.
Compton." (2.) "I charge you, gentlemen, that the
several mortgages introduced in evidence by the plaintiff
do not show absolutely that the defendants were part-
ners." (3.) "If you believe the evidence, your verdict
must be for the defendant, F. M. Compton."

There were verdict and judgment for the plaintiff.
The defendants appeal and assign as error the several
rulings of the trial court to which exceptions were re-
served.

[Compton, *et al.* v. Smith.]

MILLER & KIRVEN, for appellants.—The court erred in not allowing the defendant, Mrs. Compton, to state that she signed the note as her husband's surety.—*Howle v. Edwards*, 113 Ala. 187; 1 Brandt on Suretyship, pp. 2, 34, 35, 40.

The court erred in refusing to give the first charge requested by the defendants.—Code of 1896, § 2529; *Clements v. Draper*, 109 Ala. 211; *Schening v. Cofer*, 97 Ala. 726; *Hawkins v. Ross*, 100 Ala. 459; *McNeil v. Davis*, 105 Ala. 657; *Elston v. Comer*, 108 Ala. 76.

It was the duty of the court to construe the mortgages introduced in evidence and to limit their effect as testimony; and, therefore, the 2d charge requested by the defendant was free from error and should have been given.—*Levy v. Alexander*, 95 Ala. 101.

ABRAHAMS & CANTERBURY, *contra*.—The present suit was against the defendants both as individuals and as partners.—*Dollins v. Pollock*, 89 Ala. 357.

Our statute makes the obligation of partners both joint and several.—Code of 1886, § 2605; *Dollins v. Pollock*, 98 Ala. 357; *Haralson v. Campbell*, 63 Ala. 278. This action is against the defendants individually upon a joint promise in writing, and this suit is really governed by section 2604 of the Code of 1886, and not by section 2605 of the said Code.—*Haralson v. Campbell*, 63 Ala. 278; *Yarbrough v. Bush*, 69 Ala. 170.

The real issue in this case is, not in fact, the existence of a partnership between the defendants, but whether or not Mrs. Compton signed the notes for her debt, or for a joint debt of herself and husband, or whether the debt was the debt of her husband only, and she signed the notes as his surety merely; and upon this issue the fact of partnership *vel non* was a material inquiry, but its establishment was not an absolute prerequisite to a recovery against Mrs. Compton. Charge 2 invaded the province of the jury, for although the mortgages did not purport to be articles of co-partnership, and might not show a partnership *inter sese* it was for the jury to say whether or not, under the circumstances, the mortgages were calculated to induce Smith Bros. to believe the defendants were partners, and to deal with them as such.—*Sewall v. Henry*, 9 Ala. 24;

*Holman v. Crane*, 16 Ala. 570 ; *Boykin v. Bank of Mobile*, 72 Ala. 262 ; *Randle v. State*, 49 Ala. 14 ; *Tayloe v. Bush*, 75 Ala. 436 ; *Schlapback v. Long*, 90 Ala. 525 ; *McNeil v. Reynolds*, 9 Ala. 315 ; *Coin Lumber Co. v. Standard Dry Kiln Co.*, 108 Ala. 346.

HARALSON, J.—The complaint in the suit was by John W. Smith, the appellee, against the appellants, D. C. Compton and F..M. Compton, partners doing business under the style of D. C. Compton & F. M. Compton. The summons follows the complaint. The notes sued on were signed by the defendants individually, and there is nothing on their face to indicate a partnership between them. This, as we have held, made it a suit against these parties as individuals and not against them as partners.—*Baldridge v. Eason*, 99 Ala. 516.

1. The real issue in the case, under the plea on which it was tried, was whether or not the defendant, F. M. Compton, the wife of the other defendant, D. C. Compton, signed the notes sued on as security for her husband. The contention on the part of the appellee, resisted by the appellants, was, that Mrs. Compton and her said husband were partners, and signed the notes together as such, and, therefore, she was with him equally bound. Mrs. F. M. Compton filed a plea of coverture and suretyship,—"that at the time of the execution of the instrument sued on, she was a married woman, the wife of D. C. Compton, and that the only consideration for the execution by her of said instruments was to secure a debt contracted by her husband." Under the statute, it is provided, that "the wife shall not, directly or indirectly, become the surety of the husband," (Code, 1896, § 2529 [2349] ) ; and if she signed these obligations as surety, she is not bound on them. If she signed them together with her husband, and they were partners, she is bound.—*Belser v. The Bank*, 105 Ala. 514 ; *O'Neil v. Brewing Co.*, 101 Ala. 383, 389 ; *Reed Lumber Co. v. Lewis*, 94 Ala. 626 ; *Schlapback v. Long*, 90 Ala. 525.

On the examination of Mrs. Compton for defendants, she was requested by their counsel, to "state whether or not she signed the notes as her husband's security."

[Compton, *et al* v. Smith.]

The plaintiff objected on the ground that the question called for a conclusion of the witness, and the objection was sustained. In this the court erred. Whether one signed a note as surety or not,—especially when the fact of suretyship does not appear on the face of the obligation,—is a fact which may be shown by extrinsic parol proof.—*Bruce v. Edwards*, 11 Stew. 11; *Branch Bank v. James*, 9 Ala. 949; *Summerhill v. Tapp*, 52 Ala. 227; *Howle v. Edwards*, 113 Ala. 187; 1 Brandt on Suretyship, § 29. And it has been held, when a promissory note is held by the payee, and it does not on its face show the fact of suretyship, but it is proved that one of the makers was only a surety, that it will be presumed the creditors knew of the suretyship.— *Ward v. Stout*, 32 Ill. 399; *Cummings v. Little*, 45 Me. 183; 1 Brandt on Suretyship, § 33. We need not for the purposes of this case, commit ourselves to this last proposition, but simply hold that under the facts of this case, Mrs. Compton should have been allowed to prove that she was a mere surety on the notes. She and her husband both swore that they were not, and never had been, partners.

2. The plaintiff's proof tending to show that there was a partnership between the said parties, was, in substance, that D. C. Compton, the husband, had been procuring the advances from plaintiff for a long time, and he refused to make further advances to him, and just prior to the time of advancing to the defendants jointly, D. C. Compton came to him for further advances, and he declined to furnish them, and Compton stated to him that he and his wife were going to farm jointly, and they would execute joint mortgages; that subsequently, when the notes and mortgages were executed, both defendants being present, he stated to Mrs. Compton what had passed between him and her husband, and that he, the plaintiff, would not advance further unless they executed joint notes and mortgages to secure the same. Whereupon they signed the notes sued on and mortgages on personal property to secure them. Two of the three notes sued on were dated April 27th, 1894, and the other, June 20th, 1895. It was shown, that until the latter part of that year, 1895, the account for advances had been kept on the books of plaintiff against D. C. Compton alone, when plaintiff added to his name the

[Compton, *et al.* v. Smith.]

words, "and wife," so as to make the caption of the account to appear as charged against "D. C. Compton and wife," and that he did not know why he had made this change, but it was probably done upon the advice of an attorney. The mortgages executed to secure the notes bore the same date of the notes, and purport to have been made for advances in necessary provisions for the mortgagors and children, and for mules, etc., obtained *bona fide* for the purpose of making a crop. They were made in the joint names of the defendants, signed by them respectively, do not on their face indicate that they were made by a partnership, and were introduced without objection.

3. There was no error in charge 1 requested by defendants and refused. The defendants were sued as individuals, but it was on proof of the fact of partnership that plaintiff relied for recovery against the defendant, Mrs. Compton. There was proof on the part of plaintiff that there was, and on the part of the defendants that there was not, a partnership, and the real issue on which plaintiff relied for recovery against Mrs. Compton was the existence *vel non* of a partnership between her husband and herself, and that the notes sued on were executed by the partnership. The first part of said charge contains an undisputed proposition of law, as introductory to the real instruction contained in the charge, viz., that unless the jury believed that a partnership existed between defendants, the verdict should be in favor of Mrs. Compton.

The mortgages were written instruments, which, on their face, it was the province of the court to construe. The second charge was no more than a request that the court should charge, that these mortgages, of themselves, did not show a partnership, which, under the authority of *Levy v. Alexander*, 95 Ala. 101, we apprehend was a correct instruction It is not subject, as contended by appellee, to the vice of singling out and laying stress on a part of the evidence, without reference to other parts of it.

We scarcely need to add that the general charge, No. 3, was properly refused.

Reversed and remanded,