# Tisdale *v.* Troy, *et al.*

### *Assumpsit.*

#### (Decided July 2, 1907.　44 South. 601.)

1. *Courts; City Court of Montgomery; Appeal; Disposition of Cause.*—Under the Acts 1900-01, page 826, this court is required, on appeal from the city court of Montgomery, to review the finding and conclusions of the trial court sitting without a jury, without any presumption in favor of such finding, and to render such judgment as should have been rendered in the premises or reverse and remand for further proceedings as may seem right.

2. *Attorney and Client; Action for Compensation.*—The evidence in this case stated and examined and held insufficient to show that the firm of which plaintiff was a member was retained by the defendant to recover for services rendered by defendant's deputy marshall, but that such service was rendered under a contract not binding on the defendant.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Assumpsit by Alexander Troy, as surviving partner, and others, against Mary W. Tisdale as administratrix of the estate of W. H. Tisdale, deceased, to recover for services alleged to have been rendered to the intestate. From a judgment for plaintiff defendant appeals. Reversed and rendered.

MARTIN & MARTIN, for appellant. The evidence shows that the attorneys were employed by one Hayden and that the suit was brought in the name of the marshall

[Tisadle v. Troy, et al.]

for the use of his deputy. The stipulation was that the attorney should receive 25 per cent of the amount recovered. This agreement precluded a recovery against Tisdale individually although they fully performed the contract on their part.—*Grimball v. Cruse*, 70 Ala. 534; *Koselius v. Delachais*, 5 La. Ann. 481; *Savings Bank v. Penton*, 2 Metc. 240; *Cooley v. Cecile*, 8 La. Ann. 51; *Hotchkiss v. Leroy*, 9 Johns. 142; *Burghart v. Gardner*, 3 Barb. 64; 26 Ill. 218; 52 Ill. 119; 23 Ia. 391. The existence of an express contract prevents one arising by implication.—*Martin v. Massey*, 127 Ala. 504; 4 Cyc. pp. 991-2. If the client prevent the happening of the contingency the attorney may sue for damages but he can recover nothing out of the contract.—33 Cur. Law, 384; *Jordan v. Davis*, 72 S. W. 686; *Johnson v. Cutchin*, 45 S. E. 583; *Watson v. Columbia*, 45 S. E. 460.

GUNTER & GUNTER, for appellee. He, who prevents the happening of a condition, upon which, under a contract, services are to be paid for, cannot plead the condition in bar of a suit on the common counts for work and labor done.—*Bonifay v. Hassell*, 100 Ala. 269; *Bradshaw v. Gunter*, 135 Ala. 240; 11 Cent. Dig. col. 1713.

DENSON, J.—The complaint is in common form, and the only count in it to which the evidence can be referred is upon a quantum meruit demand for work and labor done. The case was tried on the general issue and the plea of payment. There was no evidence of payment; but the real contest seems to have been whether there was any employment of either of the firms of which plaintiffs are survivors by defendant's estate. The cause was tried by the court without the intervention of a jury, and from a judgment rendered by the court in favor of the plaintiffs for $300 defendant has appealed.

Under the practice act applicable to the city court of Montgomery (Acts 1900-01, p. 826) we are required to review the conclusions and judgments of that court, when rendered on the evidence without the intervention of a jury, and, if there be error, to render such judgment in the cause as the city court should have rendered, or reverse and remand the cause for further proceedings, as to this court may seem right. According to a ruling of this court construing a similar practice act, the judgment, when rendered on the evidence by the court without the intervention of a jury, stands on the same footing as a verdict by a jury, and will not be disturbed here, unless plainly erroneous.—*Woodrow v. Hawving,* 105 Ala. 241, 16 South. 720. The question, then, is: Is the judgment plainly erroneous? We think it is. The evidence shows substantially as follows: W. H. Tisdale was marshal of the United States for the Middle District of Alabama. There were claims by his deputies against the government, which had been disallowed; and a suit was brought in Tisdale's name, as marshal, to recover the amount of such claims. The suit was commenced by Col. Tompkins, who was at that time a member of the law firm of Tompkins & Troy. Tompkins died before the suit was tried. The firm of Watts, Troy & Caffey succeeded Tompkins & Troy, and that firm tried the case in the Circuit court of the United States, and succeeded in getting judgment for the plaintiffs. The jugment, however, on appeal to the Circuit Court of Appeals, was reversed, and the cause remanded. The cause was not tried again, but, in connection with two suits which the government had against Tisdale, was compromised and dismissed. The compromise and dismissal took place after the death of both Watts and Tisdale. In the compromise nothing was realized from the suit of Tisdale against the United

[Tisadle v. Troy, et al.]

States; that is to say, nothing was paid to his estate. The only evidence in respect to how Tompkins & Troy and Watts, Troy & Caffey came to be connected with the case is that of C. W. Haden, and it is undisputed. It shows that a special contract was entered into between Haden, acting for himself and the other deputy marshals, and Col. Tompkins, by which Tompkins agreed to bring the suit for 25 per cent. of whatever amount should be recovered; that after the death of Tompkins the same agreement was made by Haden with Mr. Watts of the firm of Watts, Troy & Caffey. It is admitted by the parties that no other contract than that made by Haden with Tompkins for the prosecution of the suit was ever made. Haden testified that Tisdale had no personal interest in the suit.

We do not find anything in the evidence which warrants a reasonable inference that Haden, in making the contract with Tompkins and with Watts, was acting as the agent of Tisdale. On the contrary, aside from the fact that Tisdale had no personal interest in the suit, and in addition to Haden's evidence in respect to making the contract, Haden testified 'that he paid Mr. Watts' expenses to New Orleans when he attended the Circuit Court of Appeals, and paid for printing briefs. No evidence is offered by the record that Tisdale ever conferred with any one in connection with the suit, or that he took any part in the trial. The fact that the suit was brought in his name cannot overcome the evidence of Haden in respect to the contract of employment. The suit could not have been properly brought in the name of the deputies; and it is entirely consistent with Haden's evidence, and in proper connection therewith, to say that Tisdale merely consented to the use of his name as plaintiff, and that, while Haden and the deputies were not parties to the suit, yet they were the

only beneficiaries. Indeed, when we consider the whole evidence, this seems to be the only reasonable construction in this respect of which it is susceptible. In respect to the compromise that was made of the cases, that occurred after the death of Tisdale; and it appears from the evidence that Haden conducted and controlled the compromise, and that the suit by Tisdale against the United States was dismissed by Haden, acting for himself and the other deputies. It being made to appear without conflict in the evidence that the services rendered by the firms of which plaintiffs are the surviving partners were rendered under a special contract to which defendant's intestate was not a party, and by the terms of which he was in no sense bound, it seems clear to us that the plaintiffs failed to make out a case for recovery, and, as a consequence, that the judgment of the city court is clearly erroneous.—*Grimball v. Cruse,* 70 Ala. 534, and other authorities cited in the brief of counsel for the appellant.

While we prefer to rest our findings on the foregoing considerations, there is another potent suggestion which arises from the record in this cause, the basis of which might justify a finding in favor of the defendant. The defendant is summoned to answer the complaint of "Alexander Troy and Francis G. Caffey, surviving partners of the late firms of Tompkins & Troy and Watts, Troy & Caffey." The complaint follows the summons, and the count in the complaint to which the evidence must be referred is in this language: "And plaintiffs further claim of the defendant the like sum, due on, to wit, the 7th day of August, 1904, for work and labor done by plaintiffs for defendant's intestate during the years 1899, 1900, 1901, 1902, 1903, 1904, and 1905 at his request." Are not the words, "surviving partners of the late firms of Tompkins & Troy and Watts, Troy

[Birmingham Matinee Club v. McCarty.]

& Caffey," descriptio personæ merely?  If so, then there is nothing in the count to show that the demand sued for is one due plaintiffs as the surviving partners of the late firms named, and consequently the suit as shown by the summons and complaint is one by Alexander Troy and Francis G. Caffey in their individual capacities, and not as surviving partners.  The evidence does not show any amount due plaintiffs in their individual capacities; but, if any amount at all is shown to be due, it is to plaintiffs as the surviving partners.  Is there not a fatal variance between the allegata and probata?— *Baldridge v. Eason*, 99 Ala. 516, 13 South. 74; *McKissack v. Witz, Biedler & Co.*, 120 Ala. 412, 25 South. 21; *Compton v. Smith*, 120 Ala. 233, 25 South. 300; *Freeman v. Pullen*, 119 Ala. 235, 24 South. 57; *Hill v. McNeil*, 6 Port. 29.

The judgment of the city court is reversed and judgment will be here rendered for the defendant.

Reversed and rendered.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.